SIMON COTTOM

*v.*

SAMUEL HOLLIDAY.

1. EVIDENCE—*declarations of a party—whether admissible in his favor.* Declarations made by one of two contesting parties, out of the presence of the other, are inadmissible as evidence in his favor.

2. AGENT—*of his duty to his principal, and the rights of the latter in respect to the agency.* An agent must not put himself, during the continuance of his agency, in a position adverse to that of his principal. To the latter belongs the exercise of all the skill, ability and industry of the agent.

3. If a party employ an agent to make a purchase of land, he is entitled to all the skill, ability and industry of such agent to make the purchase on the best terms that can be had, and is entitled to the property at the price which the agent pays. The agent can not avail himself of any advantage his position may give, to speculate off his principal. All the profits or advantages gained in the transaction belong to the principal. An agent is not permitted, without the assent of his principal, to acquire an interest in the subject matter of the agency, adverse to that of his principal.

4. If an agent make any profits in the case of his agency, by any concealed management in either buying or selling, or other transaction on account of his principal, the profits will belong exclusively to the principal.

5. SAME—*liability of, when acting as agent for both buyer and seller, and of the rights of the buyer in such case.* While a person can not properly be the agent of both parties, buyer and seller, yet if he accepts the position of agent for the buyer, without disclosing the fact that he is agent for the seller, he can not afterwards repudiate such position to shield himself from liability to the buyer, on the ground that he was agent for the seller. Having assumed the relation of agent for the buyer, he must be held to a strict performance of the duties, and to all the liabilities the relation imposes.

6. Though the buyer may, in a proper case, repudiate the acts of the agent, upon the ground that he was the agent of the seller, and did not disclose the fact.

7. INSTRUCTIONS should not be based on suppositions, in support of which there is no evidence.

8. CREDIBILITY OF WITNESSES—*jury to determine.* Where the testimony of two witnesses is in conflict, it is for the jury, from the evidence as given, together with the manner of the parties when they testify, and from surrounding circumstances, to determine which is entitled to credit. And they should be so instructed when necessary.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

This was an action brought by Cottom against Holliday, in which the plaintiff seeks to recover of the defendant, money he claims the latter wrongfully received of him for the purchase money on a tract of land bought by the defendant, as agent of the plaintiff, from one Ritchie, in excess of the actual purchase price. The questions arising on the record are presented in the opinion of the court.

12—59TH ILL.

Mr. EDWARD V. PIERCE, and Mr. R. M. DAVIS, for the plaintiff in error.

Mr. GEORGE W. WALL, and Messrs. MURPHY & BOYD, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case on promises, brought by plaintiff in error in the Perry circuit court, against defendant in error. The declaration contained the common counts, to which the plea of the general issue was filed. A trial was had by a jury, resulting in a verdict in favor of defendant. The record is brought to this court, and various errors are assigned.

It is urged, that the court below erred in admitting evidence of conversations between defendant and Ritchie, when plaintiff was not present. Such evidence, under the long established rules, is inadmissible. No known rule will sanction such evidence. It is calculated to prejudice the rights of parties by enabling either to manufacture testimony against his opponent, of which he knows nothing, and could have no means of resisting. He should not be bound by the declarations of other persons, unless he was present and assented to their truth. The court erred in not excluding this evidence from the jury.

It is next insisted, that the court below erred in refusing to give plaintiff's second instruction, which is this:

"The court further instructs the jury, for the plaintiff, that a party can not take upon himself diverse interests; and that when Holliday, the defendant, received and accepted the power of attorney from the plaintiff Cottom, that he became, to all intents and purposes, the agent of Cottom, and that whatsoever transactions he had with Ritchie after the date of that instrument, in reference to the same transaction, he (Holliday) was acting in that capacity, and as such, must account to his

principal,Cottom ; for whatever funds is left in his hands after Ritchie is paid, belongs to plaintiff."

It is the settled law, that an agent must not put himself, during the continuance of his agency, in a position which is adverse to that of his principal; for the principal bargains for the exercise of all the skill, ability and industry of the agent, and he is entitled to demand the exercise of all this in his own favor. 1 Pars. on Cont. 74. If plaintiff employed defendant as his agent to make the purchase of this land, then he became entitled to all of his skill, ability and industry, in making the purchase on the best terms that could be had, and plaintiff is entitled to have the property at the price at which defendant purchased of Ritchie. The duties and obligations of an agent are such, that he can not avail himself of any advantage his position may give him, to speculate off his principal. All the profits or advantages gained in the transaction, belong to the principal. The law will not permit the agent, without the assent of his principal, to acquire an interest in the subject matter of the agency, adverse to that of his principal. He must act solely for the interest of his principal while executing the trust. The law will not permit him to be tempted to abuse the confidence reposed in him by his principal. It is a trust voluntarily assumed, and it must be executed in the utmost good faith. This is but the dictate of justice, and common fairness requires its faithful observance. In view of these principles, it was manifest error to refuse this instruction.

The sixth of plaintiff's instructions, is this:

"The court further instructs the jury, that if an agent makes any profits in the case of his agency, by any concealed management in either buying or selling, or other transaction on account of his principal, the profits will belong exclusively to the principal."

From what has already been said, it is apparent that this instruction should have been given, and the court erred in its

refusal. Some of the other instructions asked by plaintiff, were in harmony with the rules here announced, and should have been given.

Defendant below asked, and the court gave, among others, this instruction :

"If the jury believe, from the evidence, that there is any material point in the plaintiff's case which is not made out, except by the evidence of the plaintiff, and they should further believe that the defendant has testified directly the reverse of the plaintiff as to such material point ; if the jury further believe, that plaintiff and defendant are entitled to equal credibility, then the plaintiff's case is not fully made out by a preponderance of the testimony, and the jury should find for the defendant."

This instruction is calculated to mislead the jury. So far as we can see, from the bill of exceptions, plaintiff was either corroborated or uncontradicted on all material points in his evidence. Defendant does not pretend he disclosed to plaintiff, that Ritchie only asked $12 per acre, or that he intended to retain all over that sum ; nor does he deny that he agreed to purchase at the lowest price for plaintiff; and, by his accepting and acting under the power of attorney, he became the agent of plaintiff. To call the attention of the jury to supposed evidence that does not exist, induces them to suppose the court sees such a state of facts in the evidence, and desires them to so regard it. Again, it is for the jury, from the evidence as given, together with the manner of the parties when they testify, and surrounding circumstances, to determine which is entitled to credit, and the jury should be so instructed when necessary.

The court, of its own motion, after refusing the plaintiff's instructions, gave this:

"The court instructs the jury, that if they believe, from the evidence, that Holliday, the defendant, was the agent of the

plaintiff, Cottom, in making the purchase of the land from Ritchie, and not the agent of Ritchie in the sale of the land, and that, as such agent, defendant purchased said lands for $12 per acre from Ritchie, for plaintiff, and charged the plaintiff $15 per acre for the same, and received the money, then the plaintiff would be entitled to a judgment for the difference in the value of the land at $12 per acre and $15 per acre."

This instruction does not present the law correctly ; it only allows plaintiff to recover if the defendant was not the agent of Ritchie. Under this instruction, if defendant was the agent of Ritchie, plaintiff could not recover, no matter how illegal or fraudulent the acts of defendant. Under it, he would have immunity for any and all moneys, no matter how gross his misconduct. Such can not be the law. While the law says, that a person can not properly be the agent of both parties—buyer and seller—it can never hold, that because an agent so acts, without disclosing the fact, he shall not be held liable for his illegal acts. It is not for him to repudiate his agency, and thus profit by his own wrong. Plaintiff might, in a proper case, repudiate the acts of defendant as his agent, upon the ground that he was Richie's agent and did not disclose the fact, but defendant can not be heard to set up that he was Ritchie's agent, to justify his wrong to plaintiff. He has assumed the relation of agent for plaintiff, in purchasing the farm, and he must be held to a strict performance of all the duties, and to all the liabilities the relation imposes, without reference to whether he was, or not, Ritchie's agent. This instruction was erroneous, and no doubt controlled the jury in their finding.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*