## F. K. WHITTEMORE

### v.

### ANDREW SHIELL ET AL.

1. FORECLOSURE SUIT—PARTIES.—It is a general rule that adverse claimants can not be made parties to a foreclosure suit for the purpose of litigating their titles. The only proper parties are the mortgagor and mortgagee, and those who have acquired any interests from them subsequent to the mortgage.

2. OWNER OF TAX TITLE NOT A PROPER PARTY.—The owner of a tax title, unless he has also acquired some interest in the equity of redemption, is not a proper party to a foreclosure suit for the purpose of testing the validity of his title. And when it appears, from a party defendant's answer in a foreclosure suit, that his claim rests wholly upon his tax title, it is the duty of the complainant to dismiss his bill as to him.

3. MORTGAGE—CHANGE IN SECURITY—PRIOR JUDGMENT.—Where a party buys land incumbered with a mortgage and contemporaneously with the purchase and as a part thereof, executes a note and mortgage in lieu of the one previously given, thus assuming the payment of the mortgage as part of the price of the land, the later mortgage will have priority over a judgment recovered against the purchaser after the first mortgage was given.

APPEAL from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding. Opinion filed February 5, 1884.

Mr. W. P. CALLOUN, for appellant; cited Gaskell v. Wales' Ex., 9 Stew.; Small v. Stagg, 95 Ill. 39.

Messrs. BROWN, KIRBY & RUSSELL, and Messrs. SPRINGER & DUMMER, for appellees; cited Curtis v. Root, 20 Ill. 53; Christie v. Hale, 46 Ill. 121; I. C. R. R. Co. v. McCullough, 59 Ill. 176; Shaver v. Williams, 87 Ill. 469; Campbell v. Carter, 14 Ill. 286; Edgerton v. Young, 43 Ill. 464.

McCULLOCH, P. J.   On the 18th day of March, 1884, James P. Willard executed his note and mortgage to appellee, Andrew Shiell, for the sum of $1,500, payable one year after date. On the 11th day of November of the same year, Wilmer S. Lamb recovered a judgment in the United States District Court against one B. F. Rucker for the sum of $327 and costs of suit.   On the 4th day of February, 1878, the Willard mortgage being yet unsatisfied, said Willard conveyed the premises covered by the mortgage to said Rucker by a warranty deed, and as a part of the same transaction Rucker gave to Shiell a new note for the sum of $1,500, secured by a new mortgage upon the same premises, whereupon Shiell gave up the Willard note and in a short time thereafter released the first mortgage.

On the 3d day of October, 1878, Rucker executed his note and mortgage to C. F. Grassley for the sum of $200 which is yet unpaid.   On the 15th day of July, 1881, the premises named in these several mortgages were sold under an execution issued upon the judgment in favor of Lamb, and against Rucker to appellant Whittemore for the sum of $564.24, and the same not having been redeemed he has procured a deed therefor.

On the 25th day of August, 1879, the said premises were sold at a tax sale, and one Dendel became the purchaser, and no redemption from the same having taken place, a tax deed issued to Dendel on the 27th day of August, 1881, and on the 27th day of December, 1881, said Dendel conveyed the said premises to appellee Willard.

On the 18th day of October, 1882, appellee Shiell filed his bill to foreclose his mortgage, in which Rucker and his wife and J. P. Willard, C. F. Grassley and two others are made parties defendant.

Grassley answered the bill, claiming that the premises were the homestead of said Rucker, that the Shiell mortgage contained no release of the homestead, which his mortgage did. He therefore claimed precedence over Shiell's mortgage.   He also filed a cross-bill for relief alleging the same facts.

Willard answered the bill, setting up his claim under the

tax title, and also a cross-bill. in which he sets up the same facts and also that he and Dendel have paid all taxes on the premises since the tax sale, and prays that he be decreed the title to the property and for general relief.

Whittemore answered the bill of Shiell, setting up the facts in relation to his title, acquired under the execution sale and claiming priority over the Shiell mortgage.

Grassley and Whittemore answered the cross-bill of Willard in which answers they set up that the tax title was void.

Shiell and Whittemore answered the cross-bill of Grassley, denying his equities as claimed, and Whittemore sets up that his title, acquired under the execution sale, is superior to the lien of Grassley.

The court found that the tax title held by Willard was void, but that Willard and Dendel had paid the taxes thereon from August 25, 1879, to April 14, 1883, and decreed that Willard should be repaid the same with interest at six per cent., amounting in all to $200.32, out of the proceeds of the sale of the property. The court finds due to Shiell the sum of $1,862.50, and to Grassley the sum of $293.50, which sums are to draw interest from the date of the decree; and to appellant Whittemore the sum of $564.24, which is to draw interest at six per cent. from July 15, 1881, all of which sums Rucker was decreed to pay within ten days from the date of the decree, or in default thereof, the premises should be sold by the master. The decree then directs that in case of a sale of the premises the master shall pay the costs of suit and the expenses of the sale, after which distribution shall be made of the proceeds of sale as follows: first, to Willard, $200.32, with interest from the date of the decree; secondly, to Shiell the sum of $1,862.50, with interest from the date of the decree; thirdly, to Whittemore, $564.24, with interest from July 15, 1881; fourthly, to Grassley, $293.50, with interest from the date of the decree.

It is assigned for error that the court erred in decreeing the sum of $200.32, or any other sum, to be paid to Willard out of the proceeds of the sale. If it be true that Whittemore has a valid title as against Rucker, acquired through his exe-

cution sale, then, after satisfying all prior liens, he, as owner of the equity of redemption, would be entitled to the entire residue of the proceeds of the sale. Although it is not assigned for error we are unable to see why the court should have limited him to what he paid for his title with interest from the day of his purchase, for, if his title is a good one, it ought to have extinguished the Grassley mortgage; or if the judgment had lost its priority by reason of execution not having been issued in time to have preserved the lien, then appellant should have been postponed to Grassley. But the whole theory of appellant's defense was that his judgment was the first lien, and so we infer that, as the court found, his rights take precedence of those of Grassley. He is therefore in a position to claim all the purchase money after prior liens shall have been satisfied.

It is a general rule that adverse claimants can not be made parties to a foreclosure suit for the purpose of litigating their titles. The only proper parties are the mortgagor and mortgagee, and those who have acquired any interests from them subsequent to the mortgage. Jones on Mortgages, § 1440. The owner of a tax title, unless he has also acquired some interest in the equity of redemption, is not a proper party to a foreclosure suit for the purpose of testing the validity of his title. Horton v. Ingersoll, 13 Mich. 409; Roberts v. Wood, 38 Wis. 60. But it is argued that this case is analogous to one wherein the owner files a bill to remove a void tax title as a cloud upon his title, and that before the court will grant relief, it will order the complainant to pay the defendant all taxes legally assessed upon the land, which the latter has paid. Such is not the scope of this bill, nor could Shiell, who is out of possession, have maintained a bill solely for that purpose. When, therefore, it appeared from Willard's answer that his claim rested wholly upon his tax title, which if valid, would have been paramount to all the mortgages as well as to the equity of redemption, complainant Shiell should have dismissed his bill as to him. He had no right to retain him as a party defendant, and by so doing let him in to set up a claim against the owner of the equity of redemption or sub-

sequent incumbrances which had no relevancy to the subject-matter of the suit. Willard and Dendel paid the taxes in support of their tax title and so discharged the land from the lien created by them. They were not paid to relieve the titles held by the other parties of an incumbrance thereon, but in hostility thereto. Whittemore asks no relief against the tax title so acquired, and we can not see upon what principle he should be obliged to pay off these taxes or suffer them to become a lien upon his title. We are therefore of the opinion that the court erred in ordering these taxes to be paid out of the proceeds of the sale.

It is further assigned for error that the court erred in decreeing a foreclosure of the Willard mortgage in favor of Shiell and in decreeing Shiell to have priority over appellant. It is true that the court does find that Shiell is entitled to a decree of foreclosure of the Willard mortgage, and finds the sum of $1,862.50 due thereon. The substance of the decree, however, is that all the facts being considered, to wit, the making of the mortgage from Willard to Shiell, the sale by Willard to Rucker, the execution of the note and mortgage by Rucker in lieu of the one previously given by Willard, and the release of the Willard mortgage by Shiell, the latter had acquired a first lien upon the premises for the amount found due.

When Rucker bought the land it was incumbered by the Willard mortgage. Had it remained a charge upon the land appellant's judgment would have become a lien upon the equity of redemption only. He suffers no prejudice by reason of the change of the security. This was done contemporaneously with the purchase by Rucker and as a part thereof, he assuming the payment of the Willard mortgage as part of the price of the land. In such case a prior judgment against Rucker attaches only to the equity of redemption. It is needless for us to discuss this point. It is fully settled by the Supreme Court in numerous decisions. Curtis v. Root, 20 Ill. 53; Christie v. Hale, 46 Ill. 121; I. C. R. R. Co. v. McCullough, 59 Ill. 176; Shaver v. Williams, 87 Ill. 469. We therefore see no error in this part of the decree. But for the error

in retaining Willard as a party to the suit and the granting of any relief upon his cross-bill, as well as for adjudicating upon the validity of his tax title, the decree will be reversed and the cause remanded.

Reversed and remanded.