## James Reardon v. John Washburn.

1. PLEADING—*Agreement to Obtain a Purchaser.*—A declaration which avers an agreement to obtain a purchaser for real estate at a named price, and that the plaintiff did obtain a purchaser who offered to buy at the price named, is bad, because it does not aver that the purchaser was able, ready and willing to pay the purchase price.

2. AGENT—*Can Not Become a Purchaser of His Principal.*—An agent employed to sell real estate can not become the purchaser himself through a silent partner, as the law will not allow him to put himself in a position adverse to his principal.

3. SAME—*Not to Assume Positions Adverse to the Principal.*—A real estate agent can not be permitted to form an arrangement with a third party to purchase as partners. He can not assume a position where he can speculate off of his principal.

Assumpsit, for agents' compensation, etc. Appeal from the Circuit Court of Grundy County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

CORNELIUS REARDON, attorney for appellant.

E. SANFORD, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant sued in assumpsit to recover on an alleged contract of appellee to pay $200, if appellant would procure a purchase for certain real estate of appellee.

The first and third counts in the declaration were withdrawn. The court sustained demurrers to the second, fourth and fifth counts and rendered judgment against appellant for costs, to reverse which this appeal is prosecuted.

The second count avers an agreement to pay appellant $200 to obtain a purchaser for the real estate at $3,400, and that appellant did procure a purchaser who offered to buy at that sum. The count was bad because it did not aver that the proposed purchaser was able, ready and willing to pay the purchase price. Pratt v. Hotchkiss, 10 Ill. App. 603.

The fourth and fifth counts set up a contract to pay appellant $200 to procure a purchaser at $3,400, and then averred that appellant procured a silent partner, who with him was able, ready and willing to pay the $3,400, but that appellee refused to convey when requested to do so.

An agent employed to sell real estate can not become the purchaser, as it would be a temptation to violate his duty if he were permitted to do so. He will not be allowed to put himself in a position adverse to the principal. The principal bargains for all the skill, ability and industry of the agent and is entitled to the exercise of them in his favor. 1 Parsons on Contracts, 74; Story on Agency, Secs. 210, 211; Cotton v. Holliday, 59 Ill. 176; Kronenberger v. Fricke, 22 Ill. App. 550.

For the same reason he should not be permitted to form an arrangement with a third party to purchase as partners. His duties and obligations are such that he can not there avail himself of the advantages given by his position to speculate off of his principal.

The court properly sustained demurrers to the three counts. Judgment affirmed.