EUGENIE POPE

*v.*

FRANCIS DAPRAY *et al.*

*Opinion filed October 24, 1898—Rehearing denied December 13, 1898.*

1. TRUSTS—*constructive trust defined.* A constructive trust is one that arises where a person clothed with some fiduciary character gains something for himself by fraud or otherwise.

2. SAME—*elements of constructive trust are fraud or fiduciary relation.* In general, to establish a constructive trust there must be some element of fraud, either positive or constructive, which existed at the time of the transaction and influenced the *cestui que trust,* or there must be a confidential relation by virtue of which the title to property has been obtained by one who ought not to hold it.

3. SAME—*instance of constructive trust.* The purchase of lands by a father at a foreclosure sale against his daughter, who, having instituted divorce proceedings against her husband, was advised by her father to refuse a fair offer for her equity of redemption and default in paying the interest on the mortgage, in order to enable him to buy the land at foreclosure and re-convey to her after her divorce suit was settled, raises a constructive trust in favor of the daughter which equity will enforce.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

This was a bill in chancery filed by Eugenie Pope, against her father and mother, Francis and Rosina Dapray, in the circuit court of Macon county, to declare a constructive trust and compel the conveyance of one hundred and sixty acres of land in Carroll county, Missouri. About the year 1885 plaintiff in error was the owner of one hundred and forty acres of this land, and her husband, Jules Ogie, was the owner of twenty acres additional. It was encumbered with a trust deed for $1500. About the year 1887, trouble having arisen between the plaintiff in error and her husband, divorce proceedings were instituted by her. She was desirous of procuring the title to this land in her own name, free and clear of all right of dower of her husband. She was advised not to pay the interest on the trust deed, and thus let a foreclosure result, and have some one whom she could trust buy it in for her, so that after the rendition of her decree for divorce it might again be re-conveyed to her. She requested her father, Francis Dapray, residing in Macon county, Illinois, to furnish the money and buy in the land at the trustee's sale. Shortly before the rendition of the decree for divorce her husband proposed to give her $1000 for her equity of redemption in the land and take a conveyance from her. She corresponded with her father, and he wrote, or caused to be written, a letter to one Pierson, in Carrollton, Missouri, which was read to plaintiff in error, in which she was advised not to take the $1000, as he would furnish the money and buy the land, thus protecting her interest. This letter was written in French, and it is admitted was not signed by him, nor does the letter appear in evidence. The father furnished his own money at her request, with the verbal understanding, as stated by plaintiff in error, he would re-convey to her upon the payment of the amount expended, and interest, which conveyance should be made to her after the rendition of her decree of divorce. The testimony of a number of witnesses shows that shortly before

this time Francis Dapray had stated to parties to whom he applied to borrow money, that he intended to use it for the plaintiff in error and buy in the land in Missouri for her. The consideration paid by him at the trustee's sale was $1910. He insisted that the land was purchased by him for the use of the children of his daughter, then Mrs. Ogie but since intermarried with one Pope. At the time of the sale and purchase by him the land was worth considerably more than the amount paid at the trustee's sale, and it is apparent plaintiff in error could have secured at least $1000 for her equity of redemption. At the time of the filing of this bill the land was worth from $4000 to $5000. After the purchase of the land by Dapray, plaintiff in error, with her children, returned to his home in Macon county, Illinois, and continued to reside there for several years, until she again married. The land in question meanwhile was rented for $400 per year, most of which was collected by Dapray. One $400 note given for rent, being for the first year after the purchase by Dapray, was by him endorsed to plaintiff in error, and she made the contract with the tenant for renting the land, making it payable to her father upon his advice and that of her counsel. Plaintiff in error importuned and made many demands on him to convey the land to her, and finally, in June, 1888, he executed an agreement, signed also by her, which in substance provided for the execution of a deed from him at any time within five years, upon the payment of $2000.

The record, taken as a whole, convinces us the agreement between father and daughter, at the time he bought this land, was that he should act for her. It is perfectly apparent she trusted in him as a daughter would in a father, and did not permit him to purchase the land, of which her equity of redemption was valuable, without the understanding, as alleged by her and corroborated by other witnesses, it should be re-conveyed to her after the granting of her divorce and the re-payment by her

of the amount expended. No memorandum in writing, however, of the agreement or understanding between these parties was made or signed prior to or at the time of the transaction.

The cause was referred by the court to the master to take testimony and report conclusions. Various sums of money had been expended by Dapray for his daughter in and about her divorce case and some other litigation which had arisen in Missouri regarding the land, and a considerable amount had been received by him as rents from the land. The master reported finding that Dapray held the land as trustee for the plaintiff in error, and also stated an account between the parties, finding there was due to Dapray on June 1, 1895, $1056.47, and finding also that on the payment of that amount he should convey to plaintiff in error. Exceptions were filed by both parties to this report. Plaintiff in error excepted to some amounts with which she was charged as expenses connected with the litigation above mentioned. The court sustained the exceptions of defendants in error, holding no trust under the Statute of Frauds existed, and dismissed the bill for want of equity. From such decree this writ of error is prosecuted to this court.

W. C. JOHNS, for plaintiff in error:

Resulting trusts, or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol. *Roby* v. *Colehour*, 135 Ill. 300; *Larmon* v. *Knight*, 140 id. 232.

A constructive trust is one that arises when a person clothed with some fiduciary character, by fraud or otherwise gains some advantage. *Reed* v. *Reed*, 135 Ill. 491.

If a person obtains the legal title to property by virtue of a confidential relation and influence, under such circumstances that he ought not to hold and enjoy the beneficial interest of the property, courts of equity will raise a trust, by construction, out of such circumstances

or relations, so as to protect the rights of the defrauded party and promote the interest and safety of society. Perry on Trusts, sec. 166.

In order that a trust shall arise in favor of a person toward whom the fiduciary or confidential relation exists, the one claiming the trust must have some interest, or at least some claim or expectation of interest, in the property claimed to be affected. *Rogers* v. *Simmons*, 55 Ill. 77.

If, by means of a parol promise to re-convey, a party obtains an absolute deed, without consideration, from one to whom he stands in a fiduciary relation, the violation of the promise is constructive fraud, although at the time of the promise there was no intention not to perform. *Feeney* v. *Howard*, 12 Am. St. 162.

I. A. BUCKINGHAM, for defendants in error:

The theory of a bill must be made to appear from its allegations, and the decree must be *secundum allegata et probata*, and unless the pleadings authorize the decree the most satisfactory proof will be unavailing to sustain it. *Brewing Co.* v. *Fischbeck*, 41 Ill. App. 402; *Winchester* v. *Grosvenor*, 48 Ill. 517; *Marvin* v. *Collins*, 98 id. 510; *Walters* v. *Walters*, 132 id. 467; *Quinn* v. *Mahon*, 40 Ill. App. 593.

A complainant in equity must recover, if at all, on the case made by his bill. *Kellogg* v. *Moore*, 97 Ill. 282; *Brockhausen* v. *Bochland*, 137 id. 552; *McKay* v. *Bissett*, 5 Gilm. 499; *Reed* v. *Reed*, 135 Ill. 485.

Where fraud is relied on to establish a trust the bill must contain a clear and distinct charge of fraud. *Portmore* v. *Morris*, 2 Bro. Ch. 219; *Kennedy* v. *Kennedy*, 2 Ala. 571; *Irnham* v. *Child*, 1 Bro. Ch. 94; *Gouverneur* v. *Elmendorf*, 5 Johns. Ch. 79; *Forsyth* v. *Clark*, 3 Wend. 637; *McCalmont* v. *Rankin*, 8 Hare, 18; *Skrine* v. *Simmons*, 11 Ga. 401.

Where there is an express trust there cannot be a resulting or implied trust. *Stevenson* v. *Crapnell*, 114 Ill. 21; *Kingsbury* v. *Burnside*, 58 id. 310; *Morton* v. *Nelson*, 145 id. 587; *Biggins* v. *Biggins*, 133 id. 211.

An express trust in respect to lands resting entirely in parol is within the Statute of Frauds, and void. *Morton* v. *Nelson*, 145 Ill. 587; *Kingsbury* v. *Burnside*, 58 id. 310; *Rogers* v. *Simmons*, 55 id. 76; *Biggins* v. *Biggins*, 133 id. 211; *Stevenson* v. *Crapnell*, 114 id. 19; *Donlin* v. *Bradley*, 119 id. 416.

An express trust arises where property is conveyed by one for the use of another. *Donlin* v. *Bradley*, 119 Ill. 416; *Biggins* v. *Biggins*, 133 id. 211.

The violation of a parol promise or trust as to an interest in land will not, of itself, constitute such a fraud as will take a case out of the Statute of Frauds. *Rogers* v. *Simmons*, 55 Ill. 76; *Perry* v. *McHenry*, 13 id. 236; *Lantry* v. *Lantry*, 51 id. 465.

The mere fact that defendant may have agreed to buy for the plaintiff will not convert a payment of his own money into a loan to plaintiff, and thus indirectly create a resulting trust. *Bourke* v. *Callanan*, 35 N. E. Rep. 461.

The evidence to sustain a presumptive or implied trust must be very clear, and is always received with caution. *Mahoney* v. *Mahoney*, 65 Ill. 406; *Wilson* v. *McDowell*, 78 id. 514; *Reed* v. *Reed*, 135 id. 491; *Lantry* v. *Lantry*, 51 id. 466.

A constructive trust is one that arises when a person clothed with some fiduciary character, by fraud or otherwise gains some advantage. *Reed* v. *Reed*, 135 Ill. 491.

A verbal agreement to purchase land for the benefit of another is void under the Statute of Frauds, and can not be enforced against a purchaser who, in the absence of fraud, has paid for the land with his own money and taken a conveyance in his own name. *Stevenson* v. *Thompson*, 13 Ill. 186; *Holmes* v. *Holmes*, 44 id. 168.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Plaintiff in error seeks a reversal of the decree of the circuit court dismissing her bill, alleging as a reason therefor that the promise made by her father to buy in this land for and make conveyance to her after she had

secured a divorce, created a constructive trust, which by the Statute of Frauds is expressly excepted from its action. Section 9 of the statute is as follows: "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing, or else they shall be utterly void and of no effect: *Provided,* that resulting trusts, or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol."

If it be true, as contended, the facts presented show a constructive trust, such may be proved and established by parol. A constructive trust is one that arises where a person clothed with some fiduciary character, by fraud or otherwise gains something for himself. (Perry on Trusts, sec. 27; *Reed* v. *Reed,* 135 Ill. 482.) It is also further defined as where "a person obtains the legal title to property by virtue of a confidential relation and influence, under such circumstances that he ought not, according to the rule of equity and good conscience as administered in chancery, to hold and enjoy the beneficial interests of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust, by construction, out of such circumstances or relations, and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title, and order him to hold it, or execute the trust in such manner as to protect the rights of the defrauded party and promote the safety and interests of society." (Perry on Trusts, sec. 166.) This rule has been by this court quoted with approval in the cases of *Beach* v. *Dyer,* 93 Ill. 295, and *Allen* v. *Jackson,* 122 id. 567.

As a general rule, one of two elements is necessary on which to base or establish a constructive trust. There must be some element of fraud, either positive or constructive, which existed at the time of the transaction

and which influenced the *cestui que trust*, or there must exist a confidential relation and influence, by virtue of which one has obtained the legal title to property which he ought not, according to the rules of equity and good conscience, to hold and enjoy. The rule is thus well laid down in Perry on Trusts, (sec. 168,) as follows: "Constructive trusts may be divided into three classes, to be determined according to the circumstances under which they arise: First, trusts that arise from actual fraud practiced by one man upon another. Second, trusts that arise from constructive fraud. In this second class the conduct may not be actually tainted with moral fraud or evil intention, but it may be contrary to some rule established by public policy, for the protection of society. Thus, a purchase made by a guardian of his ward, or by a trustee of his *cestui que trust*, or by an attorney of his client, may be in good faith and as beneficial to all parties as any other transaction in life, and yet the inconvenience and danger of allowing contracts to be entered into by parties holding such relations to each other are so great that courts of equity construe such contracts *prima facie* to be fraudulent, and they construe a trust to arise from them. Third, trusts that arise from some equitable principle independent of the existence of any fraud, as where an estate has been purchased and the consideration money paid but the deed is not taken, equity will raise a trust, by construction, for the purchaser."

The rule is well established, also, that courts of equity carefully scrutinize contracts between parent and children, by which the property of the parent is conveyed to children. The position and influence of a parent over a child are so controlling that the transaction should be carefully examined, and sales by child to parent must appear to be fair and reasonable. In this case, plaintiff in error, being the owner of this land and with a family of her own, would not, in reason, have been supposed to make a voluntary sale of it to her father for no consider-

ation whatever. The law would presume, if she desired to dispose of it, she would do so to the best advantage to herself. She could have sold her equity of redemption for $1000. By the advice of her father she declined to do so, and entered into another arrangement whereby he took the title of the land, she receiving nothing except the promise that when her divorce was secured a re-conveyance would be made to her. The trustee's sale, under which Francis Dapray purchased, practically amounted to a sale from the plaintiff in error. She voluntarily, upon the advice of her counsel, permitted the interest to become delinquent so this foreclosure might occur, and it was with her approval the land was sold under the trust deed. Where, under such circumstances, a conveyance of property is made from or by the direction of a child to a parent for a consideration much less than its true value, a court of equity will carefully scrutinize the transaction, and ascertain whether or not the parent, by reason of his relation and influence and the confidence reposed in him by the child, has not procured an undue advantage.

The cases of *Perry* v. *McHenry*, 13 Ill. 227, and *Stephenson* v. *Thompson*, id. 186, are not analogous to this, nor do they come within the rule as heretofore stated in Perry on Trusts and sanctioned by this court. The rule is well settled in this State that a verbal agreement to purchase land for the benefit of another is void under the Statute of Frauds, and cannot be enforced against a purchaser who, in the absence of fraud, has paid for the land with his own money and taken a conveyance in his own name. Such is the rule where no fiduciary relation exists, or no confidential relation, such as that of parent and child. In both the cases last above cited the purchaser of the land (the party against whom it was sought to establish a trust) occupied no such relation to the party seeking relief, but at the instigation and request of such party had taken title to the lands and furnished the purchase

money thereof. The rule is well stated in *Lantry* v. *Lantry*, 51 Ill. 458, as follows (p. 465): "If A voluntarily conveys land to B, the latter having taken no measures to procure the conveyance, but accepting it and verbally promising to hold the property in trust for C, the case falls within the statute, and chancery will not enforce the parol promise. But if A was intending to convey the land directly to C, and B interposed and advised A not to convey directly to C but to convey to him, promising, if A would do so, he, B, would hold the land in trust for C, chancery will lend its aid to enforce the trust, upon the ground that B obtained the title by fraud and imposition upon A. The distinction may seem nice, but it is well established. In the one case B has had no agency in procuring the conveyance to himself; in the other he has had an active and fraudulent agency." In this case plaintiff in error was about to dispose of her equity of redemption to other parties, when she was advised by her father not to do so and that he would furnish the money to buy it in. In addition, there also existed the fiduciary relation of parent and child, and the trust and confidence which the law presumes the latter reposed in the former.

Counsel for defendants in error rely upon the case of *Davis* v. *Stambaugh*, 163 Ill. 557. In that case we held that the evidence did not show a constructive trust, and that the mere refusal of a trustee to execute an express trust, or the denial of the existence of a trust by the trustee, does not constitute such fraud as takes the case out of the statute. What is further said in that case is not in conflict with the views herein expressed, that as between parent and child, or those occupying a position of trust or confidence, the fraud may be constructive, and may be shown by such facts and circumstances as demand equitable relief. Moreover, in this case it is not apparent why the plaintiff in error should not have the relief asked for in her bill. She is re-invested with the title

of her land, and the defendant in error Francis Dapray is re-paid all moneys expended by him, with interest, after deducting amounts received.

As to the agreement introduced in evidence providing for a deed from Dapray to his daughter, executed in 1888, we do not consider it material, except in so far as it tends to corroborate the evidence of plaintiff in error that the land was purchased for her, and refutes the assertion made by Dapray that he bought it for her children, and for no other purpose. The endorsement on the first rental note is also corroborative of the fact that he recognized she had some interest in this land after the conveyance to him.

Taking the record as a whole, we hold it presents a case clearly within the exception to the Statute of Frauds. The entire transaction, and the confidential relations existing between the parties, create a constructive trust in favor of plaintiff in error.

Objections are made by plaintiff in error to the amount charged against her by the master in stating the account, for different sums of money allowed the father in connection with her divorce case and other litigation affecting the land in Missouri. We are not inclined, from our view of this case, to disturb the account as reported by the master. It was error, however, for the circuit court to dismiss the bill of plaintiff in error for want of equity.

The decree will be reversed and the cause remanded to the circuit court of Macon county, with directions to enter a decree sustaining the material allegations of complainant's bill, and finding that the defendants in error hold the land in question in trust for plaintiff in error, Eugenie Pope, and that a conveyance thereof be made to her upon the payment of the amount found due by the master, together with legal interest from the date of such report.                    *Reversed and remanded.*