Charles D. F. Smith, Impleaded, etc., v. Albert M. Billings et al.

62   77
62   221
62   77
170s 543
62   77
f95   ³101

1. Set-Off—*In Equity.*—There is no inherent equitable right to set off one demand against another; the equitable right obtains where the debts existing at the time of the commencement of the suit are mutual, that is, one was created because of the existence of the other; where

they grow out of the same transaction, exist in the same right, and are of such a certain and ascertainable character as to be capable of being applied in compensation of each other. ·

2. SAME—*Unliquidated Demands in Foreclosure Suits.*—An unliquidated demand, in no way connected with a mortgage debt, for the foreclosure of which a bill is filed, and which demand is not a proper subject of set-off at law, can not be set off in such a foreclosure suit, unless there is some peculiar equity to take it out of the general rule.

3. SAME—*Liquidated Demands.*—Where a defendant in a foreclosure suit has a liquidated demand against the complainant, although not growing out of the contract or transaction upon which the notes in the foreclosure suit were given, it is a liquidated debt, and, if permissible when a money judgment at law is sought, it is also permissible in equity when a money decree is asked for.

4. SAME—*Equity Follows the Law.*—Equity follows the law, and under the statute of this State, what may be set off in an action at law, may also be set off in a suit in equity.

5. SAME—*Unliquidated Demands.*—Under the statute of this State, unliquidated demands, which do not grow out of the contract or cause of action sued on, can not be set off in an action at law.

6. SAME—*Not Allowed Where Defendant Has Suits Pending for the Same.*—A defendant in a foreclosure suit, by his answer, showed that he had several suits pending against the complainant; some of the causes for which such suits were pending he sought, by a cross-bill, to have set off in the foreclosure suit. *It was held* that his claim of set-off was, because of the pendency of such suits, properly denied.

7. SAME—*In Foreclosure Suits—Not When the Defendant Has Suits Pending, etc.*—A cross-bill, filed by a defendant in a foreclosure proceeding, which discloses the fact that he has actions pending against the complainant for the same matters which he seeks to have set off against the complainant's demand in the foreclosure suit, is bad on demurrer.

8. EQUITY PRACTICE—*Admission of Evidence after Master's Report.*—It is not proper practice to allow a party to introduce evidence at the hearing of exceptions to a master's report, or after the making of such report.

9. SAME—*Election of Remedies.*—Where a party is ·pursuing two remedies, one in equity and one at law, at the same time, a court of equity will put him to his election whether he will proceed with suit at law or in equity. And if he elects the latter, an injunction will issue to restrain further proceedings at law; but if he elects the former his bill will be dismissed.

**Bill for Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard ·in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

## Statement of the Case.

This case was begun by filing a bill in chancery in said Circuit Court May 17, 1894, whereby the complainant, Albert M. Billings, seeks to foreclose a trust deed made by appellant, Charles D. F. Smith, and his wife, by which they, on the 24th of November, 1890, conveyed to complainant, C. K. G. Billings, trustee, certain premises, then and now the homestead of appellant, to secure three notes made by appellant, each for the sum of $4,000, payable to the order of said Albert M. Billings, each dated November 24, 1890, and payable on or before three, four or five years, respectively, from the date thereof, with six per cent interest, payable semiannually.

To this bill appellant made answer setting up in detail that at the time of making said notes and trust deed, November 24, 1890, said Albert M. Billings was a trustee for appellant; that he then held in trust for appellant the proceeds of the sale of certain gas stock theretofore held by said Albert M. Billings in trust for appellant and in equity belonging to appellant, but which shortly before the making of said notes and trust deed the said Albert M. Billings had sold, and received therefor upward of thirty thousand dollars, all of which money in equity belonged to appellant.

That at the time said notes and trust deed were executed said Albert M. Billings had not informed appellant, and appellant was not aware that said Albert M. Billings, as such trustee for appellant, had sold said stock and received said sum of money therefor. That had appellant been aware of such facts he would not have become indebted to said Albert M. Billings in said sum of $12,000, and would not have executed said notes and trust deed.

Said answer also sets up in detail the circumstances of another case in which said Albert M. Billings, as a trustee for appellant, had received money in trust for appellant in an amount upward of $10,000, and which money said Albert M. Billings, as such trustee, had in his possession at the time of the making of said notes and trust deed, and which money it was the duty of said Albert M. Billings to have

paid over to appellant at the time of and before the execution of said notes and trust deed, the receipt of which money by said Albert M. Billings was not disclosed by him, and was unknown by appellant at the time of the making of said notes and trust deed.

Said answer also sets up in detail an indebtedness from said Albert M. Billings to appellant, existing at the time of the filing of said bill of foreclosure, on account of certain national bank stock before that time sold and delivered by appellant to said Albert M. Billings, amounting to $2,600, and a further indebtedness on account of personal services, professional and otherwise, rendered by appellant to said Albert M. Billings previous to the filing of said bill, and then due from said Albert M. Billings to appellant, amounting to $10,000.

The answer sets up the fact that there were then pending in said Circuit Court two suits in chancery, brought by appellant against said Albert M. Billings, for an accounting, and to recover said trust money in the hands of said Albert M. Billings, belonging to appellant, and one suit at law to recover said indebtedness on account of said bank stock and said services.

The answer sets up the fact of the willingness and desire of appellant to set off from the indebtedness of said Albert M. Billings to appellant, on account of the matters aforesaid, so much as should be necessary to pay the full amount of said notes and interest, and asks the court to determine the amount of said indebtedness from said Albert M. Billings to appellant, and make such set-off.

Upon filing said answer, setting up and seeking to make such set-off in satisfaction of said notes and trust deed, appellant filed his cross-bill against said Albert M. Billings and said C. K. G. Billings, trustee, wherein appellant set up the matters herein referred to as having been set up in said answer, and averring the desire of appellant to make such set-off, and the refusal of said Albert M. Billings to come to an accounting with appellant and permit such set-off to be made, and in which cross-bill appellant prayed that a hear-

ing of the matters in the cross-bill set forth might be had in connection with the hearing upon said original bill, or that the hearing upon the original bill be delayed until a hearing should be had in the said suits theretofore brought by appellant against said Albert M. Billings, and that the court, upon the final hearing upon the bill of foreclosure, would find and determine the amount of money then equitably owing to appellant by said Albert M. Billings, and the amount equitably owing from appellant to said Albert M. Billings on account of said notes and trust deed, and would decree a set-off from the amount due from Albert M. Billings to appellant, of the amount of said notes, and would declare the notes satisfied and paid, and direct that they be given up to appellant, and decree that said trust deed be released by said C. K. G. Billings, trustee, and that appellant may have such other and further relief as shall seem equitable in the case.

To said answer, exceptions were filed by counsel for complainants in the original bill, and a demurrer was filed to said cross-bill. The Circuit Court sustained the exceptions to the answer, and sustained the demurrer to the cross-bill, and dismissed the same for the want of equity.

The court, having eliminated the defense of set-off sought to be made by the answer, and having dismissed the cross-bill, referred the original bill to the master.

The master made his report, advising a decree of foreclosure for the full amount of all of said notes. Objections to such report were filed with the master, and exceptions thereto were duly filed in court. Upon a hearing concerning the same, they were overruled. Thereupon, counsel for the original complainants asked for a decree of foreclosure, based upon the master's report, appellant insisting upon his right under the statute to present oral or other proof in support of his defense before the court in open court. The court refused to give any opportunity to present any evidence, or grant any hearing of proof in open court, but proceeded at once to approve of a decree finding the whole amount of all said notes to be then due and payable, and

ordering a sale of the mortgaged premises to make the money found to be due. To which action of the court appellant at the time excepted, and prayed an appeal from said decree to the Appellate Court.

Wm. P. Black, attorney for appellant.

The principal question presented by this case for the determination of the court is this:

In a suit in equity for the foreclosure of a mortgage, can the defendant set up by his answer and have considered by the court, any legal or equitable reasons which may exist why the mortgage indebtedness should not be collected by a sale of the mortgaged premises; and can the defendant, having answered the bill, set up by cross-bill, and have considered by the court, any legal or equitable reasons which may exist, why the mortgage indebtedness should be regarded as paid, and the mortgage notes canceled, and the mortgage itself released?

Courts of equity will not grant relief by decreeing the foreclosure of a mortgage when it is against equity that payment of the mortgage indebtedness should be enforced. *Ex parte* Stephens, 11 Vesey 24.

Set-off is an original ground of equity jurisdiction. Such jurisdiction was entertained by the English courts of chancery long before the passage of any statute on the subject. It was borrowed from the doctrine of compensation in the civil law. Story's Eq. Jur., Sec. 1437, 1438; Jordan v. Shoe & Leather Bank, 74 N. Y. 467; Blake v. Langdon, 19 Vt. 485; Hughes v. Trahern, 64 Ill. 48.

When there are cross-demands between two parties, of such a nature that if both were recoverable at law, they would be the subject of a legal offset, then if either of the demands is a matter of equitable jurisdiction, the set-off will be enforced in equity. Story's Eq. Jur., Sec. 1436a; Clark v. Cort, 1 Craig & Phillips 154, 160.

That in a suit in equity for the foreclosure of a mortgage, the defendant may set off any demand which he may have

Smith v. Billings.

against the complainant which he could set off had suit at law been brought on the notes, see Jones on Mortgages, Sec. 1496; Waterman on Set-off, page 446; Peck v. Bligh et al., 37 Ill. 317.

In Waite's Actions and Defenses the author thus states the law of set-off, as it generally exists in this country : " But that the rule that unliquidated damages can not be set off does not apply to money demands for which *indebitatus assumpsit* will lie." The author citing Raysdale v. Buford, 3 Hayw. (Tenn.) 192. He also says : " It is a general rule that when *indebitatus assumpsit* will lie on a single contract, the debt due thereon may be pleaded in set-off," to which proposition many authorities are cited. He also says : " In order to constitute a valid set-off, it is not necessary that a price should be agreed upon for an article sold and deliv_ ered," citing Gnu v. Todd, 21 Mo. 303; Waterman on Set-off 245, 246.

Any debt or money claim which defendant has against the plaintiff arising out of ordinary transactions between the parties, which were due and unpaid when the action was brought, can be set off. Russel v. Redding, 50 Ala. 448; Allen v. Maddox, 40 Iowa 124; Smith v. Taylor, 9 Ala. 632; 8 Gill. (Md.) 192.

In Michigan it is held under their statute, which does not differ in principle from ours, that the defendant may set off the value of property wrongly converted by a trustee. Powell v. Powell, 52 Mich. 432.

Under the English statute, in principle the same as ours, it is held that there may be a set-off of an attorney's bill for services. Harrison v. Turner, 10 Q. B. 482; Lester v. Lazones, 2 Cr., M. & R. 665–669.

WINSTON & MEAGHER, solicitors for appellees.

We believe it to be the well settled rule in this State and every other, except wherein the law of set-off has been changed by statute, that an unliquidated demand, in no way connected with the mortgage debt, for the recovery of which

a bill to foreclose has been filed, can not be set off against the mortgage debt, unless there be some peculiar equity in the case to take it out of the general rule. Derby v. Gage et al., 38 Ill. 27; Downs v. Jackson, 33 Ill. 465; Jennings v. Webster, 8 Paige (N. Y.) 503; Litch v. Clinch et al., 136 Ill. 410; Parkinson v. Trousdale, 3 Scam. 367; Arnold v. Daley (Ark.), 16 S. W. Rep. 9; Armstrong v. McKelvey, 104 N. Y. 179; 10 N. E. Rep. 266; Story's Equity Jurisprudence, 13th Edition, Sec. 1436 (P. 771); Rawson v. Samuel, 1 Craig and Phil. 161.

JAMES F. MEAGHER and SILAS H. STRAWN, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant insists that he is entitled to a set-off against the amount due upon his note and mortgage in process of foreclosure the amounts he claims to be due him in respect to matters entirely disconnected with the subject-matter of the foreclosure suit; this, he insists, is his right. Appellant claims that the mortgagee is, and was at the time the mortgage and notes were made, indebted to him, the mortgagor, in and for large sums of money, then unknown to him, held for him. There is no showing that the matter of these newly-discovered claims against the mortgagee have any connection with the mortgage debt. The claims made by the mortgagor are by him as a *cestui que trust* against the mortgagee, as a trustee in respect to trust funds said to be in his hands.

The court is asked, upon a matter of a simple foreclosure of a mortgage given by appellant to secure his notes, to enter upon an investigation of trust relations said to be existing between the mortgagor and the mortgagee, totally disconnected with the matter of this foreclosure, without any allegation of any special equity, as the insolvency of the mortgagee, requiring it to do so.

As to all of the claims made by appellant which are unliquidated, that is, for uncertain sums, no case for allowing a set-off is presented.

While it is true that a court of equity will sometimes allow a set-off when the same would not be permitted at law, the circumstances calling for such action must be special; that is, special grounds demanding such action must be shown—as the insolvency of the complainant—perhaps the reason which has most frequently moved courts of equity to allow a set-off when not permissible at law. Such was the basis of the action of the court in Blake v. Langdon, 19 Vt. 458; in Ex parte Stephens, 11 Vesey, 24, and Chicago, Danville & Vincennes Ry. Co. v. Field, 86 Ill. 270.

There is no such thing as an inherent equitable right to set off one demand against another. Hackett v. Connett, 2 Ed. Ch. A. 73.

The equitable right exists where the debts existing at the time of the commencement of the suit are mutual; that is, one was created because of the existence of the other—grew out of the same transaction; exist in the same right, and are of such a certain and ascertainable character as to be capable of being applied in compensation of each other. Waterman on Set-off, Secs. 410, 415, 420.

An unliquidated demand, in no way connected with a mortgage debt for the foreclosure of which a bill is filed, which demand is not a proper subject of set-off at law, can not be set off in such foreclosure suit unless there is some peculiar equity to take it out of the general rule. Waterman on Set-off, Sec. 428; Derby v. Page, 38 Ill. 27–30; Parkinson v. Trousdale, 3 Scam. 410–428; Story, Eq. Juris., Sec. 1436; Jennings v. Webster, 8 Paige 503; Litch v. Clinch et al., 136 Ill. 410–429.

So many of appellant's claims as are unliquidated, that is, not certain, ascertained or capable of being arrived at by a mere computation, are not, in this case, matters which appellant is entitled to have set off. This applies to all claims on account of the alleged conversion and sale, by Billings, of stock.

Appellant does not, in respect to this, charge that Billings received a certain amount for such stock, and that he, appellant, is entitled to a certain named sum; what has been said

applies to all other claims made by appellant, the amount of which is not fixed and definite.

If appellant is entitled to set off any of the claims by him made, it is because of the statute of this State. Equity follows the law, and what might be set off in an action at law, may be in equity. Wiltsie on Foreclosure, Sec. 376; Waterman on Set-off, Secs. 406–409.

Under the statute of this State, unliquidated demands, which do not grow out of the contract or cause of action sued on, can not be set off in an action at law. Hawks v. Lands, 3 Gil. 227; Sargeant v. Kellogg, 5 Gil. 273; Bush v. Kindred, 20 Ill. 93; De Forrest v. Oder, 42 Ill. 500; Hartshorn v. Kinsman, 16 Ill. App. 555.

Unliquidated damages are such as are unascertained; as those arising out of torts, as well as those following breaches of contract, where the amount of damages has not, by agreement, been determined. Upon an action to recover for breach of contract to complete a house by January 1st, the damage which the plaintiff has suffered by reason of the non-completion at the time promised, is the thing sued for; if by arrangement when the contract was made, it has been agreed that the builder should pay $100 and no more for such breach, this sum is spoken of as liquidated damage. Although all declarations in assumpsit conclude with an allegation of damages, it is, strictly speaking, incorrect when the suit is for a fixed and ascertained sum to call the amount recovered "damage." In an action of assumpsit to recover the amount of a promissory note or other undertaking to pay a definite, fixed sum, the action is not for damages, but for a definite sum, not to recover damage for non-payment of a sum, but the sum, and this it is the jury give. Rudder v. Price, 1 H. Blackstone, 547–555.

Appellant alleges that he was the owner of one-half of 660 shares of stock, that appellee held the same, and received thereon a dividend of $2,640, one-half of which, $1,320, belonged to him, appellant. This is an allegation of an indebtedness for a certain fixed sum, and if to be termed an allegation of damages, is for liquidated damages. Appellee, by

his exceptions and demurrer, admits the allegation to be true. If true, appellant would, in an action brought at law upon the notes, to secure which the mortgage sought here to be foreclosed was given, be entitled to set the same off against such notes, for although not growing out of the contract or transaction upon which the notes were given, it is a liquidated debt; if such set-off is permissible when a money judgment is sought at law, it is in equity when a money decree is asked in equity.

The allegation, as to the reception, by appellee, of, or appellant of $10,000 from Drew, would come under the same rule, if appellant had restricted his demand to a claim for the $10,000 received, but appellant claims a large amount of interest thereon, without supplying any data by which the interest can be calculated; the time of the reception of said $10,000 is not given. It is necessary that evidence should be adduced to show the amount of interest to which appellant is entitled; a reading of his answer and bill will not suffice; the claim is therefore unascertained, indefinite, and not, upon the present pleadings, the subject of set-off.

The claim of appellant for services rendered to appellee, for which he is said to be legally and equitably indebted to appellant in the sum of $10,000, amounts to a charge only, and he has for some years acted as an attorney for appellee, and that appellant thinks and charges that such service was worth $10,000, and that appellee is indebted to appellant in the sum of $10,000 therefor. This account appears to be an unsettled, unliquidated claim, not the subject of set-off.

The charge of an indebtedness of $2,600, said to be a balance due on account of fifty-two shares of Home National Bank stock, sold by appellant for appellee, is not well pleaded, the sale being recitatively instead of directly alleged. Upon demurrer, nothing is admitted save that which is well pleaded. Appellant appears to have already pending three other suits for the recovery of the claims he seeks to set off. Two of these suits are in equity, and so far as they include the matters here sought to be set off,

are ground for here denying all relief which can be obtained in such actions. Story's Eq. Pleadings, Sec. 736, 737, 738.

As to the suit at law, it is the established rule that a plea thereof is bad and unavailable in equity. A court of equity will, upon the coming in of the defendant's answer, put the plaintiff to his election, whether he will proceed in the suit at law, or in equity; and if he elects the latter, then an injunction will issue to restrain any further proceedings at law; if he elects the former, then the bill will be dismissed. Story's Eq. Pleadings, Sec. 742.

The foregoing is not applicable to cases in which there exists a plain and adequate remedy at law. In the present case, the question arises, whether the suits brought by appellant are either for the same subject-matter or the same relief as that of the answer and cross-bill in the case under consideration; the rule being that a plea of the pendency of another suit should aver that it is for the same subject-matter and for the same purpose, with the same issue joined, as the suit in which the plea is interposed. Story's Eq. Pleadings, Sec. 737; 1 Daniell's Ch. Pr., 561, 636; Beach, Modern Eq. Pr., Sec. 234; Berhens v. Sieveking, 2 M. & C. 602, 603.

It may be urged that appellant should, if he desired to interpose his set-off in this action, have dismissed the actions brought by him, and that not having done so when the pendency of such actions was insisted upon as a reason why his claim of set-off should not here be entertained, he elected to continue the actions by him brought, and that he will not be permitted to thus vex appellee with double suits for the same matter; to which it may be replied, that appellant did not, in the suits by him brought, ask for a set-off; that his claim now is for a matter of distinct equitable cognizance, viz., a set-off, and is interposed at the first moment it could be, in a suit brought against him.

A majority of the court are of the opinion that appellant's claim of set-off was, because of the pendency of the actions by him brought, properly denied in the present action.

The pendency of appellant's suits, appearing, as they do,

upon the face of his pleading, is a cause for demurrer. 1 Daniell's Ch. Pr. 561; Beach, Modern Eq. Pr., Sec. 234.

Appellant was not entitled to introduce evidence at the hearing, of exceptions to the master's report, or after the making of the same; such a practice would render the report of the master more than useless. Cox v. Pierce, 120 Ill. 556; Gould v. Elgin City Banking Co., 36 Ill. App. 390.

A majority of the court being of the opinion that in view of other actions pending, none of appellant's claims should be entertained as a set-off to the claim of appellee, the decree of the Circuit Court is affirmed.

Gary, P. J.

I concur in affirming the decree appealed from, upon the ground that the matters which the appellant seeks to use as a defense to this suit, appear, upon his own pleadings, to be the subject of other suits brought by him against the appellee before any defense to this suit was put in. Rankin v. Harper, 4 Ind. 585; Carr v. Casey, 20 Ill. 637.

As the fact appeared upon the pleadings of the appellant, the appellee need not re-assert it. Cummings v. People, 50 Ill. 132.