# 278    Appellate Courts of Illinois.

## Kelley, Maus & Co. v. Matthew Caffrey.

1. Damages—*Unliquidated, Defined.*—Uncertain or unliquidated damages are such as rest in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each particular case.

2. Same—*Where Not Unliquidated.*—When the damages can be determined by computing the difference between the contract price and the market value, they are not unliquidated damages.

3. Interest—*When to be Allowed.*—Interest can only be allowed "on money withheld by an unreasonable and vexatious delay of payment." Such delay must be both "unreasonable and vexatious."

4. Set-offs—*To be Encouraged.*—Set-offs are to be encouraged, as they lessen the amount of litigation by preventing circuity of action.

**Assumpsit,** for goods sold, etc. Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

Defrees, Brace & Ritter, attorneys for appellant.

Newman, Northrup & Levinson, attorneys for appellee.

Mr. Justice Horton delivered the opinion of the court.

This is a suit in assumpsit brought by appellee to recover for goods sold to appellant. The declaration consists of the common counts only. Appellant pleaded general issue and set-off. Special demurrers, one to the original and one to each of the two amended pleas of set-off, were sustained. Then appellant withdrew its plea of the general issue and elected to abide by its special pleas, and thereupon judgment was entered for the principal of appellee's claim, $482.63, and interest thereon, $34.10.

The first point to be considered is whether the counter-claim set up in appellant's pleas of set-off is for liquidated or unliquidated damages.

It appears by the pleas (the material allegations of which are admitted by the demurrers) that on the 23d day of May,

Kelley, Maus & Co. v. Caffrey.

1895, appellee sold to appellant a quantity of leather to be delivered within thirty days; that the leather was not so delivered; that the market price of such leather advanced so that at the end of said thirty days the market price and value thereof was $755.25 above the price appellant had agreed to pay appellee therefor; that appellant was compelled to and did pay to other parties said sum of $755.25 for leather such as appellee had sold and agreed to deliver to it; and that appellee thereby became liable to pay to appellant said sum of $755.25.

Uncertain or unliquidated damages are very clearly defined in Butts v. Collins, 13 Wend. 139, 156, as follows :

" They are such as rest in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each particular case.   They are damages which can not be ascertained by computation or calculation, as, for instance, damages for not using a farm in a workmanlike manner; *   *   *   for carelessly upsetting a stage, by which a bone is broken, and other cases of like character, where the amount to be settled rests in the discretion, judgment or opinion of the jury."

When the damages can be determined by computing the difference between the contract price and the market value, they are not unliquidated damages.   Summers v. Hibbard & Co., 153 Ill. 102; Follansbee v. Adams, 86 Ill. 13, 15.

Items, such as " work, labor performed, board, goods sold and delivered, and money," etc., are not unliquidated damages."   East v. Crow, 70 Ill. 91, 94.

The general trend and policy of legislation and of the decisions of courts in this country, is, to have adjusted, as far as practicable, in one and the same suit, all claims and counter-claims between the parties thereto.   And that is as it should be.   " Set-offs are to be encouraged; they lessen the amount of litigation, by preventing circuity of action. There is no reason or propriety in driving these parties to cross-actions, and to compel the claims to be settled in two suits, when full and equal justice can be awarded to each of them in one suit."   The damages to appellant set out in the pleas of set-off are not unliquidated, and the demurrer to the last one of said pleas should have been overruled.

Interest should not have been allowed. The only basis upon which it is claimed, is under that provision of the statute which says it may be allowed " on money withheld by an unreasonable and vexatious delay of payment." The delay must have been both "unreasonable and vexatious" to justify the assessing of interest. Devine v. Edwards, 101 Ill. 138, 142.

It certainly was not unreasonable conduct on the part of appellant to seek to offset its claim against appellee. Interest was allowed from the date of the commencement of the suit. Mere delay in payment does not bring a case within that provision of the statute.

One of the points made in brief for appellant, which is put in interrogative form, is: " Was the contract which plaintiff violated a part of the transaction out of which his cause of action arose?" The plea does not aver that it was, but says that it was "one of a series of sales," one having been made May 16th, one May 23d, and one May 24th, 1895. The contract set out in the plea of set-off is the one of May 23d. The declaration contains the common counts only. There is no detailed statement of account attached thereto, and, so far as the abstract shows, no bill of particulars was ever asked for. True, the affidavit indorsed upon the declaration states that appellee's claim is for money due "upon an open account," but that is not sufficient to sustain the appellant's contention upon this point. Neither is the averment in appellant's plea, that the contract was made "at the time of the alleged promises in the plaintiff's declaration contained," sufficient when considered in connection with the other averments in the plea.

For the reasons stated, the judgment of the Circuit Court is reversed and the cause remanded.