## Benjamin F. Horn v. William K. Noble.

1. SET-OFF—*Unliquidated Damages.*—Unliquidated damages which do not grow out of the contract or cause of action sued upon are not a proper subject of set-off; to authorize such damages to be set off they must grow out of the contract or transaction upon which the suit is brought.

2. SAME—*Unliquidated Damages Defined.*—Unliquidated damages are such as are unascertained, as those arising out of torts as well as those following breaches of contract, where the amount of damages has not, by agreement, been determined.

Assumpsit, for goods, wares and merchandise, sold and delivered. Appeal from the City Court of East St. Louis; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

FRANKLIN A. McCONAUGHY, attorney for appellant.

MESSICK, MOYERS & CROW, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant, in the City Court of East St. Louis, to recover for goods, wares and merchandise sold and delivered by appellee to appellant. Trial was by jury. At the close of all the evidence, the jury, under direction from the court to that effect, returned a verdict in favor of appellee for $310.28, the amount of his demand.

Appellee's declaration consisted of the common counts only. To this declaration appellant filed the general issue and a plea of set-off. The plea of set-off consisted of the common counts and a special count claiming damages for breach of an alleged contract for sale of certain goods by appellee to appellant.

Appellee's demand against appellant was $310.28, for a car load of barrel hoops sold and delivered by appellee to appellant in the month of January, 1899. This demand is conclusively proven by the evidence and is wholly undisputed and undenied.

In support of his plea of set-off, appellant testified that about July 11, 1899, he made a contract with appellee for two car-loads of barrel hoops, one car to be delivered at once, and the other in ten days, and that appellee refused to deliver the same; that the price in the meantime advanced and that appellant was compelled to go on the market and buy at an advanced price; that a car-load would be 55M, and that the advance which he had to pay was $1.50 per M. This constitutes the entire claim in support of the set-off.

Unliquidated damages which do not arise out of the contract or cause of action sued on, are not a proper subject of set-off. While some of the cases relied on by appellant's counsel contain general and unguarded expressions, favorable to their view of the law, these cases have only gone the length of deciding that unliquidated damages arising out of the

contract on which the suit is brought are properly the subject-matter of set-off in such suit. In DeForrest v. Oder, 42 Ill. 500, it is expressly held that unliquidated damages which do not grow out of the contract or cause of action sued upon, are not a proper subject of set-off; that to authorize such damages to be set off, they must grow out of the contract or transaction upon which the suit is brought. And it is so expressly held in numerous cases, among them Hawks v. Lands, 3 Gil. 227; Sargent v. Kellogg, 5 Gil. 273; Hartshorn v. Kinsman, 16 Ill. App. 555. This is now the firmly established rule in this State.

The subject-matter of appellant's set-off did not grow out of the same contract or transaction upon which appellee's suit was brought, and his claim and demand is for unliquidated damages. In Smith v. Billings, 62 Ill. App. 77, it is said:

" Unliquidated damages are such as are unascertained, as those arising out of torts as well as those following breaches of contract, where the amount of damages has not, by agreement, been determined."

Upon the state of record disclosed in this case the trial court was fully warranted in directing a verdict in favor of appellee. Appellant failed to support his plea of set-off in other respects, but as the reasons above stated are sufficient to call for an affirmance of the judgment, no other questions need be discussed.

The judgment of the Circuit Court is affirmed.