Turnbull Joice Lumber Co. v. C. L. & Coal Co., 152 Ill. App. 347.

devoted to such purposes shall not be enforced against them, where there are elements of danger to the lives and limbs of the occupants of such property. As against the efforts of the public authorities to enforce reasonable regulations designed to protect the public who may be induced to patronize such an establishment, complainants have no standing in equity.

In view of the evidence in the record showing elements of danger in the structure, entirely apart from any weakness in the building or the stand which rests upon it, showing increased fire hazard, insufficent means of exit, danger of panic on account of the height of the structure, and a clear violation of valid city ordinances, the Circuit Court was right in denying to complainants any relief under their bill of complaint. And in view of the fact that complainants brought the whole matter into a court of equity, we see no reason why the court should not decree that to be done which ought to be done, and order the structure, which is a constant and continuing menace to life and property, to be removed, without remitting the parties to proceedings at law.

The decree is affirmed.

*Affirmed.*

Turnbull Joice Lumber Company, Defendant in Error, v. Chicago Lumber & Coal Company, Plaintiff in Error.

## Gen. No. 14,807.

1. SET-OFF—*what not proper subject of.* Claims for unliquidated damages growing out of transactions not connected with the subject-matter of the contract sued on, are not proper subjects of set-off.

2. DAMAGES—*what not unliquidated.* Even though damages may be arrived at by computing the difference between the contract price and the market value, they are none the less unliquidated.

348    APPELLATE COURTS OF ILLINOIS.

Turnbull Joice Lumber Co. v. C. L. & Coal Co., 152 Ill. App. 347.

3. ACCORD AND SATISFACTION—*when not established.* *Held*, that the voucher in evidence in this case, not accepted, and which was sought to be returned by the party to whom it was sent, did not support an accord and satisfaction.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 18, 1910.

WORTH E. CAYLOR, for plaintiff in error.

HARRY A. BIOSSAT, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The Turnbull Joice Lumber Company sued the Chicago Lumber & Coal Company in the Municipal Court for a balance on a disputed account for lumber sold and delivered. On the trial of the cause the parties made the following stipulation as to the facts:

"It is hereby stipulated and agreed by and between the parties hereto that in order to avoid the necessity on the part of each of the parties to this cause of making detailed proof of all of the various items as the same are set forth in the bill of particulars of the plaintiff, and in the defendant's set off, the facts relating to the accounts between the said parties are hereby agreed upon as follows:

"The defendant on its part admits that the plaintiff can make proof of the items shown in its bill of particulars showing a balance due the plaintiff of $879.95, and the defendant admits that the amount due the plaintiff is the aforesaid sum of $879.95 from which is to be deducted the amount of its claim as shown in its set off filed herein, namely, the sum of $705.21.

"The plaintiff upon its part admits that with respect to the first six items as shown in the defendant's set off, the defendant did pay the sums therein mentioned for freight on cars, as therein set forth, but the plaintiff claims that the said sums were paid for overweight on the cars in excess of the weight for which it, the plaintiff, agreed to pay the freight.

"The plaintiff further admits that with respect to the items contained in the defendant's set off, relating to the loss in replacing orders of the Switzer Lumber Company, at Shreveport, Louisiana, that the orders as therein set forth, being seven orders, were placed by the defendant with the plaintiff and were accepted by the plaintiff; and the plaintiff further admits that it did not fill the said orders within the time specified in such orders in which they should be filled; that the defendant was thereby compelled to and did replace said orders and did then and there buy the said lumber of others and that the difference between the price agreed upon to be paid by the defendant to the plaintiff for such orders and the price actually paid by the defendant in replacing such orders are as follows:

| | | | |
|---|---|---|---|
| Order | No. | 28023 | $61.01 |
| " | " | 2491 | 49.91 |
| " | " | 2474 | 67.01 |
| " | " | 2490 | 70.93 |
| " | " | 2473 | 43.24 |
| " | " | 2475 | 72.07 |
| " | " | 2489 | 41.57 |

"It is further agreed by the plaintiff and the defendant that any and all transactions relating to the Switzer Lumber Company as the same appear in the pleadings on file in the above entitled cause are to be treated as transactions between the plaintiff and the defendant."

From the stipulation it appears that the controversy between the parties arises, not on the items constituting the claim of the plaintiff, but upon the items of the defendant's set-off. With respect to seven items of the set-off, being the alleged losses of the defendant in replacing orders of the Switzer Lumber Co. which were accepted by the plaintiff and not filled, the trial court was correct in ruling that the several claims were for unliquidated damages growing out of transactions not connected in any way with the subject-matter or contracts sued upon by the plaintiff and were not proper

350    Appellate Courts of Illinois.

Turnbull Joice Lumber Co. v. C. L. & Coal Co., 152 Ill. App. 347.

subject-matter of set-off in the suit. This is the well-settled law in this state. Clause v. Bullock Printing Press Co., 118 Ill. 612; Robinson v. Hibbs, 48 *id.* 408; De Forrest v. Oder, 42 *id.* 500.

It is contended however, on behalf of the defendant, plaintiff in error here, that damages which can be determined by computing the difference between the contract price and the market value are not unliquidated damages, and Kelly Maus & Co. v. Caffrey, 79 Ill. App. 278, is cited and relied upon.

We are unable to follow that case. We think the defendant's claim is for unliquidated damages as defined in Higbie v. Rust, 211 Ill. 333; Horn v. Noble, 95 Ill. App. 99; Smith v. Billings, 62 Ill. App. 77.

The only other subject of controversy in the case which is argued by counsel is a voucher, incorrectly called a draft in the record. This voucher was issued by the defendant in favor of the plaintiff for $174.74, "in full and final settlement of all accounts or claims of any character whatever which you may have against the Chicago Lumber & Coal Co. or the Switzer Lumber Co." It contained also the following: "This voucher when dated and properly receipted by the person in whose favor it is made, becomes a sight draft without exchange, if presented within sixty days at the office of Chicago Lumber Company, 918 Fullerton Bldg., St. Louis, Mo." This paper was not a voucher check such as are in frequent use today. It is nothing more than a blank form of a sight draft to be drawn by the plaintiff on the defendant, which was never drawn.

The evidence shows that the plaintiff sent this paper to the plaintiff, which never received any money on it, never dated and receipted it or presented it for payment, and never in any way accepted it. The evidence satisfactorily shows that there was never any intention on the part of the plaintiff or its officers to accept the voucher as a payment, but on the contrary it did all that it could to return the paper to defendant. The contention of the defendant that this paper is, or evi-

dences, an accord and satisfaction is without foundation and untenable.

We find no error in the record, and the judgment of the Municipal Court is affirmed.

*Affirmed.*