The American Laundry Machinery Company, Appellee, v. Oscar N. Barr, Appellant.

1. DISMISSAL—*voluntary*. On *assumpsit* upon an open account for certain machinery furnished, where defendant alleges breach of warranty as to a machine and that it is of no value, it is the duty of court under the Practice Act, § 39, to allow plaintiff on motion after the evidence is heard to dismiss the part of the account relating to the alleged defective machine.

2. INSTRUCTIONS—*effect of dismissal*. Where a portion of an open account sued on, to which special pleas of breach of warranty and set-off are filed, is dismissed on motion, instructions are proper which provide that upon such pleas and issues the jury must find for plaintiff and that the only issue is whether recovery can be had on the part of the account not dismissed.

3. SET-OFF—*pleading*. A plea is defective which offers to set off unliquidated damages growing out of a breach of contract, but does not show that it grew out of and was a part of the contract sued on.

4. DAMAGES—*unliquidated defined*. Unliquidated damages are damages which cannot be ascertained by a computation or calculation.

5. DAMAGES—*when set-off deals with unliquidated*. In an action on an account for machines furnished, pleas of set-off deal with unliquidated damages where they aver, respectively, breach of express and implied warranties as to a machine and claim damages.

6. SET-OFF—*effect of dismissal of part of declaration*. Where an account is sued on and the part thereof to which set-off is pleaded for alleged breach of warranties and failure of consideration is dismissed, defendant is not entitled to urge his plea of set-off against the remainder of the account.

Appeal from the Circuit Court of Morgan county; the HON. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

520     APPELLATE COURTS OF ILLINOIS.

The American Laundry Mach. Co. v. Barr, 176 Ill. App. 519.

W. E. THOMSON and J. O. PRIEST, for appellant.

BELLATTI, BARNES & BELLATTI, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in *assumpsit* commenced in the Circuit Court of Morgan County by the appellee against the appellant upon an open account. The declaration consisted of the common counts and contained a copy of the account sued on.

The account sued on consisted of a bill contracted on the 23rd day of October, 1907, and billed out on November 30, 1907, aggregating the sum of $1,469 and being wholly laundry appliances, and various other items of laundry machinery and appliances of various other dates for the years 1908 and 1909, amounting to about $199.67, and upon the account stated appears a long list of credits.

To the declaration was filed the plea of the general issue and five special pleas, and issue was thereupon joined. The first special plea avers, in substance, that the conveyor dry room was warranted to appellant and proved to be worthless, of no value, and that, therefore, the consideration failed. The second special plea claims special damages by reason of the breach of warranty of appellee, as to the conveyor dry room, so sold to appellant, partial payment and partial failure of consideration. The third special plea avers an implied warranty as to the conveyor dry room, sets up the breach, and claims damages. The fourth special plea avers an express warranty of the conveyor dry room, and alleges the breach and damages. The fifth special plea alleges breach of the warranties as to the conveyor dry room and claims damages by way of set-off.

Upon the trial of the cause before the court and a jury, and after the evidence had been heard, appellee asked and obtained leave of the court to dismiss and

eliminate from his declaration all of that part of the account sued upon, contracted for on the 23rd day of October, 1907, and billed out on November 30, 1907.

It appears from the record that by the elimination from the declaration of that portion of the account last above referred to, the item of the conveyor dry room complained of was also eliminated, stricken out and dismissed from the consideration of the jury. After the amendment of the declaration, and the giving of the instructions, the cause was submitted to the jury and a verdict returned in favor of the appellee in the sum of $177.17. A motion for new trial was overruled and judgment entered upon the verdict, and this appeal was perfected by the appellant.

Appellant assigns as one ground of error the action of the court in permitting the appellee to amend his declaration and dismiss as to that portion of the account sued on which contained the conveyor dry room and contracted before November 30, 1907.

Section 39 of our Practice Act, is as follows: "At any time before judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense. The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action."

Thus it will be seen, from a careful consideration of the above section, that the court not only acted clearly within its discretion in permitting the amendment, but it was its duty, upon the motion, to permit the amendment at that time.

It is next complained that the court erred in giving

instructions numbered one and two, asked on behalf of the appellee, which are as follows:

"1. The court instructs the jury that under the evidence in this case the defendant cannot prevail upon his special pleas of breach of warranty and set off and upon those pleas and issues the jury must find for the plaintiff."

"2. The court instructs the jury that the only issue now before the jury in this case is whether or not there remains anything due the plaintiff for goods sold and delivered to the defendant by the plaintiff subsequent to November 30, 1907, and if the jury believe from the evidence that subsequent to November 30, 1907, the plaintiff sold and delivered to the defendant goods, wares and merchandise and that the defendant still owes for the same or any part thereof, then the jury should find for the plaintiff and assess its damages at such sum as the jury believe from the evidence is still due and unpaid for goods and merchandise so sold by the plaintiff to the defendant subsequent to November 30, 1907."

After the amendment of the declaration the item referred to in the special pleas, to-wit: The conveyor dry room, and all other merchandise purchased at the same time, had been stricken from the declaration. Therefore, the court properly gave said instructions. The only issue before the jury after the elimination of the above items from the declaration, was as to the account commencing December 1, 1907, and extending to March 29, 1909, and as to these items there is little or no proof on the part of the appellant, and no objection urged in his brief.

It is, however, contended by appellant, that notwithstanding the elimination of the item of the conveyor dry room and the other items to which his special pleas referred, he had the right to the plea of set-off.

The rule as laid down in the very early case of Hawks v. Lands, 8 Ill. (3 Gilm.) 227, so far as we have been able to determine, has been recognized as correct, and is as follows: Unliquidated damages arising out of covenants, contracts or torts, totally discon-

nected with the subject of the plaintiff's claim, are not such claims or demands as constitute matter of set-off under the statute. The five special pleas were properly plead to the original declaration, because they averred a warranty, a failure and damages, arising out of and connected with the items appearing in the original declaration. But, when the declaration was amended and the items alleged in the pleas to have been warranted and bought at the same time and for which set-off was claimed had been eliminated by the leave of the court, they could serve no further purpose. The only reason these five pleas were proper under the original declaration, was because the damages complained of grew out of the alleged failure of the goods purchased on November 30, 1907, to be as warranted.

It should be understood that there is a distinction between liquidated and unliquidated damages, as to when they may be plead as set-off. We believe this to be the rule that controls in this class of cases: A plea is defective in offering to set-off unliquidated damages growing out of breach of contract, without showing that it grew out of and was a part of the contract sued upon. Such damages arising out of covenants, contracts or torts not connected with the subject-matter of the suit, do not constitute the subject-matter of set-off under our statute. This rule is fully supported in the case of Clause v. Bullock Printing Press Co., 118 Ill. 612; Ewen v. Wilbor, 208 Ill. 492, aff'g 99 Ill. App. 132.

Therefore, no plea counting on unliquidated damages, under the condition of this record at the time the instructions were given, could be proper.

It is important at this time to determine whether or not these pleas claimed liquidated or unliquidated damages. Unliquidated damages are such as rest in the opinion only, and must be ascertained by a jury, their verdict being required by the peculiar circumstances of each case. They are damages which cannot

be ascertained by a computation or calculation. Higbie v. Rust, 211 Ill. 333; Kelley, Maus & Co. v. Caffrey, 79 Ill. App. 278.

Or to state the rule otherwise, unliquidated damages are such as are unascertained, as those arising out of torts as well as those following breaches of contract, where the amount of the damage has not been, by agreement, determined. Horn v. Noble, 95 Ill. App. 99; Trower v. Elder, 77 Ill. 452.

All of the special pleas in this case deal with alleged damages that cannot be determined by any mathematical process. They are such damages as cannot be ascertained by calculation or computation, and clearly come within the definition of unliquidated damages. It will be observed these special pleas do not complain of damages arising under any purchase of December 1, 1907, and subsequent thereto, but relate wholly to one item in the purchase of November 30, 1907.

In answer to the complaint as to the action of the court in failing to apportion the costs, it is sufficient to say that this was a matter wholly within the discretion of the court, and is not ground for error.

Therefore, under the view we take of the case, the action of the court below was correct, and the judgment is affirmed.

*Affirmed.*