V. Marrone and R. Lofaro, Trading as Marrone & Lofaro, Defendants in Error, v. George Ehrat, Trading as George Ehrat & Company, Plaintiff in Error.

Gen. No. 17,237.

1. SET-OFF—*subject.* A claim for unliquidated damages which does not grow out of the contract or cause of action sued on cannot be set off in an action at law.

2. JUDGMENT—*what for damages on default erroneous.* Judgment for want of sufficient affidavit of merits should not be in excess of the amount shown to be due by the affidavit of claim, though there is a claim of interest, where the suit is on an account and judgment is entered without further evidence as to the amount due, there was no settlement of account between the parties, and defendant did not withhold money by an unreasonable and vexatious delay.

3. DEFAULT—*damages.* Where defendant files a written demand for jury trial when his appearance is entered, the amount of plaintiff's damages is not admitted by default of defendant for failure to file a sufficient affidavit of merits.

4. MUNICIPAL COURT—*damages.* ' The municipal court has no power to prevent defendant from having plaintiff's damages assessed by a jury, if jury trial is demanded by defendant as provided by the Municipal Court Act, § 30.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion refiled December 19, 1912, on rehearing.

EDWARD J. KELLEY, for plaintiff in error.

ELBERT C. FERGUSON, for defendants in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court of Chicago for $852.59 and costs, entered in a fourth class suit in favor of defendants in error, hereinafter called plaintiffs, and

against plaintiff in error, hereinafter called defendant, after the court had ordered that the affidavit of merits and set-off filed by defendant be stricken from the files.

The facts are substantially as follows: On July 7, 1910, plaintiffs filed their statement and affidavit of claim, to which was attached a copy of the account sued on. The statement of claim set forth that "plaintiffs' claim is for goods, chattels and effects before this time sold and delivered by the plaintiffs to the defendant; * * * also for interest on divers sums of money before this time forborne * * *; also for money found to be due from the defendant to the plaintiffs on an account then and there stated between them; * * * to the damage of plaintiffs of $850." The affidavit of claim stated that "said cause is a suit upon a contract for the payment of money; that the nature of plaintiff's demand is as stated in the above statement of claim and a copy of the account or instrument sued on hereto attached and made a part hereof; and that there is due to plaintiffs from the defendant * * * the sum of $825.42, and interest thereon at the rate of —— per cent. per annum from 190— until date of judgment." The copy of the account sued on was as follows:

"George Ehrat & Company,
    To Marrone & Lofaro, Dr.
April 18, 1910.
    50 c/s Roman Cheese 10867# at 26¢....$2,825.42
    April 15 By cash in advance on cheese.. 2,000.00

Balance due....$ 825.42"
On October 22, 1910, the appearance of defendant was entered by his attorney in which a request was made for further time in which to file an affidavit of merits, and in which it was stated, "In behalf of said defendant I hereby demand a trial by jury and also ask leave to file a set-off in said cause." The court granted further time and on November 3, 1910, defendant, by his agent, filed an affidavit of merits and

also a set-off supported by affidavit. On motion of plaintiffs the affidavit of merits was ordered stricken from the files and leave given to defendant to file an amended affidavit of merits, which he did, together with an amended set-off, and on December 9, 1910, on motion of plaintiffs, the court ordered that said amended affidavit of merits and set-off be stricken from the files, and, "it appearing to the court that * * * the defendant herein is in default for want of an affidavit of merits or defense in this cause, it is, on motion of the plaintiffs, ordered by the court that judgment be entered herein against said defendant by default for want of such affidavit of merits." On December 15, 1910, the court found there was due plaintiffs the sum of money "shown in said affidavit of claim to be due," viz., $852.59, and without any witnesses being sworn, and without any testimony being offered by the plaintiffs, entered the judgment herein.

It appears from the statement of facts signed by the trial judge that the reason for striking defendant's amended set-off and amended affidavit of merits from the files and entering said default against defendant was that it appeared that defendant's claim for set-off grew out of a transaction other than that for which plaintiffs sued, and was also a claim for unliquidated damages. Counsel for defendant contended that the claim of set-off was for liquidated damages, and so contends in this court. After a careful reading of said claim of set-off, we are of the opinion that it was a claim for unliquidated damages, which did not grow out of the contract or cause of action sued on by plaintiffs. Such a claim can not be set off in an action at law. Smith v. Billings, 62 Ill. App. 77; Horn v. Noble, 95 Ill. App. 99; Higbie v. Rust, 211 Ill. 333; Turnbull Joice Lumber Co. v. Chicago Lumber & Coal Co., 152 Ill. App. 347, 350.

But we are of the opinion that the court erred in entering the judgment. The amount for which judgment was entered against defendant was $852.59, which

is $2.59 more than the *ad damnum* in the statement of claim. Furthermore, the affidavit of plaintiffs' claim showed that there was due to plaintiffs from the defendant, after allowing all credits, deductions and set-offs, the sum of $825.42, "and interest thereon at the rate of —— per cent. per annum from 190— until date of judgment." In our opinion, even if defendants had not demanded a trial by jury, the court would not have been justified in entering judgment against the defendant, for want of a sufficient affidavit of merits, in an amount in excess of said amount of $825.42. Section 56 of our Practice Act provides: "When any part of the demand is upon an account, and the defendant shall suffer default for the want of an affidavit of merits, or for nonappearance, or for *nil dicit*, the affidavit so filed with the declaration may be taken as *prima facie* evidence of the amount due upon such account; but the court may require further evidence." It appears from the trial court's statement of facts that the judgment was entered "without any witnesses being sworn and without any testimony being offered," and it further appears that the suit was on an account. Section 2 of chapter 74 of our statutes provides: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum * * * on money due on the settlement of account from the date of liquidating accounts between the parties and ascertaining the balance; * * * and on money withheld by an unreasonable and vexatious delay of payment." We do not find in the record that there was a "settlement of account" between the parties, or that money was withheld by defendant by an unreasonable and vexatious delay. In Fitzgerald v. Benner, 219 Ill. 485, 492, it was said: "It is undoubtedly true that, in order to justify a recovery of interest, a claim must be liquidated, and it must be shown that the parties figured upon a definite amount as being due, and that payment has been vexatiously and unreasonably withheld. Haight v. McVeagh, 69 Ill. 624; Imperial Hotel Co. v. Claflin Co., 175 Ill. 119."

It appears from the record that at the time of entering his appearance defendant filed a demand in writing for a trial by jury. The default of defendant for failure to file a sufficient affidavit of merits did not admit the amount of plaintiff's damages. Wanack v. People, 187 Ill. 116; Loellke v. Grant, 120 Ill. App. 74; Plaff v. Pacific Exp. Co., 251 Ill. 243, 247.

In our opinion, the Municipal Court has no power, by rule or otherwise, to prevent a defendant from having plaintiff's damages assessed by a jury, if a jury trial is demanded in writing by the defendant, as provided by section 30 of the Municipal Court Act. Any such rule would be inconsistent with the express provisions of that act in that respect.

For the reasons indicated, the judgment of the Municipal Court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*