Illinois Glass Company, Defendant in Error, v. Ozell Company, Plaintiff in Error.

Gen. No. 21,765.

1.  SALES, § 153*—*what constitutes acceptance of goods.* Payment for goods after retaining them after delivery a sufficient length of time to examine them constitutes in law an acceptance, and makes the goods the property of the vendee.

2.  SALES, § 108*—*when buyer may not rescind contract.* A vendee who, by the sale of some of the goods, has put it out of his power to restore them to vendor cannot rescind the contract of sale, since a contract can only be rescinded *in toto.*

3.  SET-OFF AND RECOUPMENT, § 17*—*when unliquidated damages may not be counterclaimed.* Unliquidated damages cannot be counterclaimed in an action based on a transaction separate and distinct from the transaction which is the basis of the counterclaim, and where neither transaction grew out of nor is related to the other.

4.  DAMAGES, § 81*—*what constitute unliquidated damages.* Damages for defects in bottles sold and delivered in pursuance of a contract are unliquidated, and cannot be made liquidated by an arbitrary method of calculation.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the December. term, 1915. Affirmed. Opinion filed January 31, 1916.

DEMING & JARRETT and RAYBURN & BUCK, for plaintiff in error.

CULVER, ANDREWS, KING & COOK, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This review is sought by defendant from a judgment against it in favor of plaintiff for $918.02.

The parties, as shown by the record, had two transactions, in both of which plaintiff was the seller and defendant the purchaser. The commodities sold were bottles. The amount due for the first sale was paid, that for the second is unpaid, and to enforce its payment this suit was commenced. In this suit defendant has counterclaimed for damages alleged to have been sustained by reason of defects in the bottles sold and paid for, a large quantity of which defendant endeavored to return to plaintiff.

There is no controversy concerning the amount due plaintiff for the bottles involved in this suit. The whole controversy hinges on defendant's counterclaim, amounting to $532.69, which it asks to have deducted from plaintiff's claim. Defendant sent plaintiff the difference between plaintiff's claim and defendant's counterclaim, which plaintiff refused to accept and returned. Plaintiff resists defendant's counterclaim on two grounds:

First. That a contract, if disaffirmed, must be disaffirmed *in toto;* that such contract cannot be affirmed as to part and rescinded as to part. In other words, the party rescinding must restore the *status quo.*

Second. That the damages claimed by defendant are unliquidated and can, in no event, be set off in this action.

With these contentions we are inclined to agree.

Defendant paid for the first purchase of bottles after having had them for more than a sufficient time to examine them, which fact constituted in law an acceptance. By so doing defendant made the bottles its own. Moreover, it used a very substantial part of them and thereby put it out of its power to restore them to plaintiff by the rescission of the contract under which they were purchased. As defendant could

not rescind the contract *in toto,* it could not rescind it at all. *Waukesha Canning Co. v. Henry Horner & Co.,* 138 Ill. App. 564.

The claim and counterclaim were separate and distinct transactions. Neither in any way grew out of or was related to the other. The damages sought to be set off in the counterclaim are in no wise liquidated; neither are they made so by defendant's suggested arbitrary method of calculating its damages. This case on fact and principle comes within the ruling in *Turnbull Joice Lumber Co. v. Chicago Lumber & Coal Co.,* 152 Ill. App. 347, where the court say, as we say here: "We think the defendant's claim is for unliquidated damages as defined in *Higbie v. Rust,* 211 Ill. 333; *Horn v. Noble,* 95 Ill. App. 99; *Smith v. Billings,* 62 Ill. App. 77."

There being no error in the record, the judgment of the Municipal Court is affirmed.

*Affirmed.*