D. B. McPherson, Appellee, v. Board of Education of Waukegan Township High School District, Appellant.

## Gen. No. 7,419.

1. PLEADING—*admissions by pleadings.* Though the defendant in an action by a teacher to recover salary, by pleading the general issue, together with special pleas, was limited to the defense set out in its affidavit attached to its pleas which did not dispute the specific amount claimed in the declaration as damages, plaintiff was required to prove every material allegation of his declaration and had the burden of proving his damages as alleged, since damages were not admitted by the general issue and such special pleas.

2. MASTER AND SERVANT—*actions for compensation.* In an action by a school teacher against a board of education for a balance alleged to be due under a contract of employment terminated by the defendant, it was error to deny the defendant the right to cross-examine the plaintiff as to the amount he had earned after his discharge and as to his diligence in seeking other employment, he having testified as to those matters, even though the amount of damages alleged to have been sustained was not controverted by the special pleas or general issue filed by defendant.

3. MASTER AND SERVANT—*when instruction as to amount of damages from discharge of servant improper.* In an action by a

school teacher for salary after discharge by defendant board of education, it was error to instruct the jury as to the amount of the verdict in case they found for plaintiff, where, although the amount of damages was not controverted by defendant's special pleas filed with the general issue, the defendant was improperly refused the right to cross-examine the plaintiff on the question of his damages.

Appeal by defendant from the County Court of Lake county; the Hon. Perry L. Persons, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed January 31, 1925. Rehearing denied April 9, 1925.

Arthur Bulkley, for appellant.

Ernest S. Gail, for appellee.

Mr. Justice Partlow delivered the opinion of the court.

Appellee, D. B. McPherson, began suit in the county court of Lake county against appellant, the Board of Education of the Waukegan Township High School District, to recover a balance alleged to be due under a contract of employment as a teacher. There was a judgment in favor of appellee for $411.82, and this appeal was prosecuted.

On July 17, 1922, appellee entered into a contract with appellant, by the terms of which he was to teach in the Waukegan township high school for thirty-eight weeks at a salary of $2,200 payable in ten equal instalments. He began teaching in September, 1922, and continued until February, 1923, when he punished a boy for which he was severely criticized. On February 5, 1923, he tendered his resignation which was withdrawn three days later without having been accepted. He asked for an investigation of the charges against him. The appellant appointed a committee of three members of its board to investigate the charges. Appellee employed James G. Welch as his attorney. There was a conference between the attorney and the chairman of the committee. The attorney

stated that if appellee was permitted to remain in school until the Spring vacation he would be willing to have his resignation accepted. The committee recommended that this be done and the board thereupon accepted the recommendation, and the secretary of the board notified appellee to that effect. On the trial the attorney testified that appellee approved of the arrangement which had been made, but appellee denied he had given his attorney any authority to make such an arrangement and denied that he ever approved of such action. On March 23, 1923, appellant terminated the contract with appellee. Appellee claimed he endeavored to secure employment as a teacher but was not successful. He registered at two teachers' agencies but could not get employment, and finally secured employment in another line of work. At the expiration of his contract he began this suit.

The declaration consisted of two counts, the first being based upon the contract, and the second upon the common counts. Attached to the declaration was an affidavit of claim based upon the contract, alleging that $411.82 was due. Appellant filed the general issue and a special plea, alleging that appellee resigned. Accompanying the pleas was an affidavit of defense, setting up that appellee assaulted one of the pupils, terminated his contract and withdrew from the employment.

During the trial, appellee offered evidence on the question of damages. The court ruled that the affidavit of defense failed to controvert the allegation of damages in the declaration and the affidavit attached thereto, that the amount of the damages was not in issue but was admitted under the pleadings. The appellant sought to cross-examine appellee for the purpose of determining the amount of damages. An objection was sustained on the ground that it was immaterial under the pleadings. Appellee testified his damages were about $411. At the close of the

evidence the court instructed the jury in two different instructions that if they found the issues for appellee they should fix his damages at $411.82, under the pleadings and evidence in the case, and the jury returned a verdict accordingly.

There are several grounds of reversal urged but by reason of the fact that the judgment will have to be reversed on account of improper rulings on evidence and instructions, we refrain from expressing any opinion as to the facts or the weight of the evidence.

It is a well-known rule of pleading that where the general issue is filed together with special pleas, the special pleas cannot be utilized as a waiver of some of the allegations of the declaration, even though the averments of the special pleas are inconsistent with the denial under the general issue. Under the general issue, every material allegation of the declaration must be proved as alleged, and if they are not proved the party bringing the suit has not made out a cause of action. *Farnan v. Childs,* 66 Ill. 544; *Priest v. Dodsworth,* 235 Ill. 613; *Barker v. Barth,* 88 Ill. App. 23; *Miller v. Stanley,* 186 Ill. App. 340; *Bradley v. Illinois Automobile Ins. Exchange,* 227 Ill. App. 572. This was the rule prior to the passage of section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55] and it continued to be the rule after the passage of that statute, except in so far as it was changed by the statute. When appellee filed his declaration accompanied by an affidavit stating the nature of his claim and the amount due, as provided in section 55 of the Practice Act, if appellant had filed no pleas and no affidavit of defense, appellee would have been entitled to judgment against appellant, as in a case of default. But when appellant filed the general issue and a special plea accompanied by an affidavit stating the nature of his defense, a different rule was set in operation as far as appellee was concerned. Appellee was no longer entitled to judgment as in case of default, but

it thereupon became his duty to prove every material allegation of his declaration and, if he failed to do so, he was not entitled to a judgment. This court so held in the recent case of *Manufacturers State Bank of East Moline v. American Surety Co. of New York,* 230 Ill. App. 474.

One of the material allegations of appellee's declaration was as to damages. It is true, as contended by appellee, that appellant, as far as his defense was concerned, was limited to the defense set out in his affidavit attached to his pleas. *Reddig v. Looney,* 208 Ill. App. 413; *Goddard Tool Co. v. Crown Electric Mfg. Co.,* 219 Ill. App. 34; *McClintock v. Lake Forest University,* 222 Ill. App. 472. In his affidavit of defense appellant did not dispute the specific amount of damages as alleged in the declaration and the affidavit attached thereto. This did not relieve appellee of the burden of proving his damages as alleged, and, when he attempted to prove them, appellant had the right to cross-examine the witness and insist that the evidence was not sufficient to prove the damages alleged. Even in case of a judgment by *nil dicit* every material allegation is admitted but the amount of the damage is not admitted, and upon the question of damages, the defendant is entitled to cross-examine witnesses. *Marrone v. Ehrat,* 175 Ill. App. 649; *Brown v. Gerson,* 182 Ill. App. 177; *Plaff v. Pacific Exp. Co.,* 251 Ill. 246.

Appellee testified his damages were about $411. This evidence standing alone and uncontradicted, under proper pleadings, would be sufficient to sustain the judgment. Where an employee is wrongfully discharged and brings an action for breach of contract after his term of employment has expired, he may recover the contract price, less what he has earned, or by reasonable diligence could have earned in other employment subsequent to his discharge. *Doherty v. Schipper & Block,* 250 Ill. 133. Appellant had a

right to cross-examine appellee as to the amount he had earned since his discharge, as well as to ascertain how diligent he had been in securing other employment. Not only did the court refuse to permit appellant to cross-examine on these questions, but the court instructed the jury as to the amount of the verdict in case they found for appellee. This was erroneous. Appellant had the right to have the amount of the damages passed upon by the jury under proper instructions after proper evidence had been admitted.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*