## Jacob N. Hilton, Executor, Appellee, v. Dr. T. C. Searight, Appellant.

1. RES JUDICATA—*what essential to application of doctrine of.*  The doctrine of *res judicata* requires, first, that the parties to the cause of action shall be identical; second, that the subject-matter of the litigation must be the same as that involved in the second controversy.

2. RES JUDICATA—*when action upon promissory note is.*  If upon the hearing of a claim against an estate the administrator put in evidence a note due from the claimant without limiting the purpose for its introduction a judgment upon such hearing is *res judicata* with respect to a subsequent claim brought by the administrator upon such note.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.    Heard in this court at the May term, 1910. Reversed.    Opinion filed October 14, 1911.

LOUIS FITZHENRY and LESTER H. MARTIN, for appellants.

STONE, OGLEVEE & FRANKLIN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This cause of action is brought by Jacob N. Hilton, executor, etc., against T. C. Searight; judgment below was recovered by plaintiff against defendant.

The action is brought by plaintiff as executor against defendant upon a promissory note executed by defendant in the lifetime of plaintiff's testator. Trial below resulted in a judgment against defendant for $433.35.  The note in question was dated the twelfth day of December, 1900.  Defendant, during the lifetime of plaintiff's testator, was called to attend him in a professional way.  After the death of plaintiff's testator, defendant was notified to pay the note to plaintiff.  Defendant replied that he had an account

against the estate of plaintiff's testator for professional services and that he would call and they would undertake to adjust the matter. No satisfactory settlement was made and Dr. Searight, defendant herein, filed his claim in the county court against the estate of plaintiff's testator; the claim amounted to $1,350. A trial was had before the county court on this claim without a jury; it resulted in a judgment in favor of defendant herein for $250. Claimant appealed from the judgment of the county court to the circuit court where the cause was tried *de novo* without a jury; that trial resulted in a judgment in favor of claimant, defendant herein, for $435.35. No appeal was ever prosecuted therefrom. Upon the trial of that cause in the circuit court, plaintiff herein offered in evidence the note upon which this action is brought. The note was admitted in evidence, taken by the jury to its juryroom, and remained in the files of that cause until the trial of this action in the circuit court when leave was granted to remove it from the files for the purpose of using it in this cause. In the county court upon the claim filed by defendant herein against the estate of plaintiff's testator, no written pleadings were filed and none were necessary.

In defense to this action, defendant pleads *res adjudicata,* and setting forth in his plea the litigation had in the county court upon the estate of plaintiff's testator. The note had an endorsement thereon of the payment of $20, December 31, 1901, and the evidence on that hearing disclosed that another payment of $60 had been made on the note. Plaintiff now contends that the note was not offered in evidence in that cause of action as a set-off, but merely for the purpose of showing that defendant herein was indebted to plaintiff and that he had been making payments on that note notwithstanding the fact that he claimed to hold an account against plaintiff's testator, and that

the note was offered merely to show that fact for the purpose of discrediting defendant's testimony and not as a set-off. The principle of *res adjudicata* is so well settled that when a claim has been once adjudicated no action can be again maintained thereon, and the only question to be determined upon this record is whether or not the hearing in the county court upon the claim against the estate of plaintiff's testator and in which the note in question was used as evidence was a final determination of this matter and if it was, then the plea of *res adjudicata* in this case is good and this action cannot be maintained. The doctrine of *res adjudicata* requires, first, that the parties to the cause of action shall be identical, second, that the subject-matter in litigation must be the same as that involved in the second controversy. Wright v. Griffey, 147 Ill. 496; Cramer v. Wilson, 202 Ill. 83.

When these facts have been established then the doctrine of *res adjudicata* is applicable and applies to all matters which have been or which might have been adjudicated under the pleadings and under the evidence offered in the former action. Rogers v. Higgins, 57 Ill. 244; Leathe v. Thomas, 218 Ill. 268; *In re* Northwestern University, 206 Ill. 66.

Section 66, chapter 3 (on Administration) of the Revised Statutes is as follows:

"When a claim is filed or a suit brought against an executor or administrator and it appears on the trial that such claimant or plaintiff is indebted to such executor or administrator the court may give judgment therefor and an execution may issue thereon in favor of the executor or administrator."

While under this section of the Statutes it was not necessary that plaintiff herein should have produced the note for determination in that case, neither was it necessary for him, in order to have it determined in that controversy, to have filed a plea of set-off, as under the practice in probate courts no written pleadings

are necessary and under section 66, *supra,* where it was made to appear in that trial that the claimant was indebted to the executor, that court then had full and complete jurisdiction in that controversy to determine the rights of these parties. The note in controversy was offered in evidence, and was taken by the jury to their juryroom for determination in arriving at a verdict in this case and determining the amount that the estate of plaintiff's testator was indebted to the claimant, if any. If the note was produced at the former trial only for the purpose of showing its existence and that payments had been made thereon it was not necessary to have put it in evidence on that hearing or that the jury should have been permitted to take it to the juryroom on considering their verdict. Its offer as evidence was not limited to any special purpose. The note having been used as evidence in that cause must be considered to have been used for all purposes for which it might legally have been considered by the jury unless the contrary is shown.

*In re* Northwestern University, 206 Ill. 66, *supra,* the Supreme Court has said: "The principle of *res adjudicata* reaches further; it extends not only to the questions of fact and of law which were decided in the former suit, but also to the grounds of recovery of defendants which might have been but were not presented." In the hearing on the claim against the estate of plaintiff's testator, the note here sued on was presented as a defense in that action; the jury was not instructed, so far as the record discloses, that it was presented in evidence for any limited purpose, and that hearing must now be held to have been a full and complete litigation of this cause of action; the plea of *res adjudicata* was established by the evidence and is a complete defense to this action.

The judgment below is reversed.

*Reversed.*