## Frank Kraft, Appellant, v. John T. Grider, Administrator, Appellee.

1. WITNESSES—*what incompetent against administrator.* Where the only evidence offered in the circuit court in support of part of a claim against an estate was the testimony of the claimant and the books he had kept, both were properly excluded on the ground that defendant was defending as administrator.

2. BUILDING AND CONSTRUCTION CONTRACTS—*when contractor assumes all obligations of another contractor.* Where in an action on a contract between defendant's intestate, who had the contract for a certain building, and plaintiff contractor, the latter claimed that he was not liable as a subcontractor for the damages set off against him, and where it was stipulated that the work was to have been done according to plans and specifications for such building, and that plaintiff was to remove ground and take care of back filling, such agreement constituted an express contract whereby plaintiff undertook to perform all the obligations of the original contractor without regard to the rules governing contractors and subcontractors, and he was bound thereby.

3. BUILDING AND CONSTRUCTION CONTRACTS—*when excavating contractor liable for collapse of wall of adjoining building.* Where, under a set-off for damages sustained through the collapsing of a wall of an adjoining building, the uncontradicted testimony of the contractor for the brick work on the building in course of construction was that he was at the place on the morning of the day of the collapse but saw none of the employees of plaintiff, who had the contract for excavating and who was required to shore up the walls of such building, working and that he had no notice to brick up any of the wall on that day, there was no error in holding plaintiff liable.

4. SET-OFF AND RECOUPMENT—*when sum properly set off as liquidated damages.* Under the rule that unliquidated damages are such as cannot be ascertained by computation or calculation, the sum paid by an original contractor to an adjoining owner, sustained by the collapsing of his wall through the act of a subcontractor, was not an unliquidated amount, but was a fixed, determined amount which was properly presented and allowed as a set-off in an action by such subcontractor against the original contractor's administrator, there having been no exception to any of the items.

5. EXECUTORS AND ADMINISTRATORS—*necessity for plea of set-off on counterclaim on claim filed against estate.* A plea of set-off or

counterclaim need not be filed under the statute on administration, J. & A. ch. 3, ¶ 115, providing that when a claim is filed or suit brought against an executor or administrator and it appears on the trial that the claimant or plaintiff is indebted to such personal representative, the court may give judgment therefor.

6. WORDS AND PHRASES—*what are unliquidated damages.* Unliquidated damages are such as cannot be ascertained by computation or calculation.

Appeal from the Circuit Court of Madison county; the Hon. HARRY C. STUTTLE, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 30, 1921.

E. L. MAHER and P. H. HILES, for appellant.

B. A. CAMPBELL and M. R. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE EAGLETON delivered the opinion of the court.

The appellee, John T. Grider, administrator of the estate of H. B. Grider, deceased, recovered a judgment against the appellant, Frank Kraft, for the sum of $238.76 in the circuit court of Madison county on an appeal from the probate court of that county, from which judgment this appeal is prosecuted.

In 1918, H. B. Grider entered into a contract for the erection of a building in Granite City, known as the Labor Temple Building, according to certain plans and specifications.

In the specifications were provided certain general conditions to apply to all contractors who might engage in the work, among which was a provision for the excavation for a basement under the entire building and "under the foundation walls of the adjoining building as may be required for underpinning."

It was also provided in said specifications that the successful contractor should be held responsible for the safety of the adjoining building and "shall protect and shore up the walls of the same by underpinning, if same shall be deemed necessary by the

superintendent, and repair all damages at his own cost that may accrue to said building," etc.

On February 27, 1918, H. B. Grider entered into a written contract with the appellant whereby the appellant agreed to make the excavation according to said plans and specifications for the sum of $1,900. It was also provided in that contract that the appellant would haul all paving brick for $2 per thousand and other brick for $1.50 per thousand, H. B. Grider having died, the appellee was appointed administrator and the appellant filed a claim against the estate and the administrator filed a set-off.

It was stipulated at the trial that there had become due the appellant under said contract the sum of $2,573.82, of which $1,000 had been paid, and that in addition to the balance two other amounts were due, viz., $138.15 and $48.40, making a total of $1,760.37 due. The appellant also claimed there was an extra 50 cents per 1000 brick due him for hauling, amounting to $122.28.

The appellant made certain excavations under the wall of the adjoining building after which the wall collapsed, and it is conceded that if appellant was liable, in this action, therefor, the amount due therefor was $1,999.13. This demand was filed as a set-off against the appellant's claim.

The case was appealed from the county court and once tried in the circuit court by a jury and a verdict returned in favor of the appellant, which was set aside, whereupon a jury was waived and the case tried by the court and the court found the amount due the appellant on his claim to be $1,760.37 and the amount due the appellee on his set-off to be $1,999.13 and rendered judgment against the appellant for the balance of $238.76.

As to the claim for $122.28, the only evidence offered in support of this part of the demand was the testimony of the appellant and the books he had kept,

to each of which objection was made and sustained that the appellee was defending as administrator. The holding of the trial court on this question was correct.

It is first argued that appellant is not liable as a subcontractor for the damages set off against him. It appears that the contract between appellee's intestate and the appellant was not produced on the trial of the cause but the parties stipulated, "that on February 27, 1918, Frank Kraft, Sr., the claimant, agreed with H. B. Grider, deceased—of whose estate J. T. Grider is administrator—in writing that the said Kraft would excavate all the dirt for the Labor Temple Building then being constructed in Granite City, according to the plans and specifications therefor, and remove from the ground and take care of all back filling."

Under this contract the appellant especially stipulated that the work was to be done according to the plans and specifications from which above excerpts are quoted. This was an express contract whereby the appellant undertook to perform the obligations of the original contractor, and without regard to the rules governing contractors and subcontractors, in the absence of an express contract, the appellant is bound thereby.

It appears that prior to Saturday, May 26, 1918, the appellant had excavated a large portion of the basement to a depth of about eight feet and had made two excavations under the foundation of the building on the north. One of these excavations was at the east end of the south wall of the building and was about five feet wide. Between the first and second of these excavations was a distance of about five feet and the second excavation was approximately the same width as the first and each extended from the bottom of the concrete foundation of the adjoining building and for a distance of from two and

one-half to three feet under that foundation. The first of these excavations was walled up to the concrete foundation with brick. Some brick were placed in the other excavation but not enough to reach the wall.

On Saturday, May 26, 1918, the appellant made four additional excavations under the wall in question which were of about the same dimensions and the same distance apart, the first being separated from the one mentioned as the second by about five feet of earth. No support of any character was placed in the excavation made on this day.

During the night of May 26, about fifty feet of the wall, under which the excavations had been made, collapsed. The cost of repairing this wall, amounting to $1,999.13, was paid by H. B. Grider.

It appears that one A. L. Hennemeyer had the contract for the brick work and had placed the brick in the first two excavations made. He testified he was at the place on Saturday forenoon but did not see appellant's employees working and that he had no notice from the appellant to brick up any of the wall on Saturday. This testimony is uncontradicted. In this state of the record the trial court did not err in holding the appellant liable.

It is next urged that the court had no jurisdiction in an action on a claim filed against an estate to consider the question as to damages occasioned by the negligence of the appellant and that if the court did have such jurisdiction it could only be by way of recoupment and that recoupment is limited to damages arising out of the contract under which the appellant makes his demand, and then only as a defense of the claim of appellant; that whatever damages there were were unliquidated and could not be presented by way of set-off.

The statute on administration provides: ''When a claim is filed, or suit brought, against an executor

or administrator, and it appears on trial that such claimant or plaintiff is indebted to such executor or administrator, the court may give judgment therefor * * *." J. & A. Illinois Statute, ch. 3, ¶ 115. Under this statute a plea of set-off or counterdemand need not be filed. *Hilton v. Searight,* 163 Ill. App. 605.

Without determining whether unliquidated damages may be recouped in a trial on a claim against an estate, the damages on this action arose out of a contract. The amount paid was a fixed sum and at the trial agreed upon. It was a sum the deceased had paid for damages to an adjoining property owner and no exception was taken by the appellant to any item therein. Under these circumstances it was a fixed, determined amount and was properly presented to the court as a set-off, and the court was warranted in rendering judgment in favor of the appellee for any balance that might be due.

Unliquidated damages are such as cannot be ascertained by computation or calculation. *Kelley, Maus & Co. v. Caffrey,* 79 Ill. App. 278. The damages set off in this case was the amount the appellee's intestate was compelled to pay.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*